MULLIN HOARD & BROWN, LLP
John M. Brown, Esq., California SBN 87985
Vincent E. Nowak, Esq., Texas SBN 15121550
P.O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050; Fax: (806) 372-5086
jmb@mhba.com; venowak@mhba.com

Attorneys for Plaintiff
DRUVI JAYATILAKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | CV09-02932 PA (CWx)<br><br>Civil Action No. _____ |

### ORIGINAL COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

**To the Honorable United States District Court Judge:**

Plaintiff, Druvi Jayatilaka (Jayatilaka), by the undersigned counsel, files his Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial against Defendant, National Board of Medical Examiners ("NBME") and respectfully states the following:

### NATURE OF THE ACTION

1.   This is an action for emergency, preliminary and permanent injunctive relief, and for attorneys' fees and costs incurred in bringing this action based on Defendant's refusal to

provide reasonable accommodations to Jayatilaka pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Jayatilaka is a graduate from the Universidad de Autonoma de Guadalajara (the "Medical School") in Guadalajara, Mexico, and successfully passed the U.S. Medical Licensing Examination ("USMLE") Step 1 in June of 1999. Jayatilaka was scheduled to take the USMLE Step 2 in late 2008 in California. The NBME has illegally refused and is illegally refusing to accommodate Jayatilaka's learning disability by refusing to provide Jayatilaka additional time to take the USMLE Step 2. Jayatilaka seeks a preliminary and permanent injunction prohibiting the NBME from continuing its violation of Plaintiff's ADA rights and compelling the NBME to allow Jayatilaka to take the examination with appropriate accommodations. NBME's actions are in violation of the ADA, including 42 U.S.C. § 12189.

## PARTIES

2. Jayatilaka, has graduated the Medical School and is now domiciled in Palos Verdes, Los Angeles County, California. Jayatilaka, who has been diagnosed with a learning disability, intended to take the USMLE Step 2 in late 2008 in California at a qualified Silvan Learning Center. Jayatilaka's learning disability impairs his reading ability to the point that his competence level is below that expected in comparison to most people and is a disability within the meaning of the ADA. 42 USC §12102(2).

3. Defendant, NBME, is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. NBME administers the USMLE, a single three-step examination, the successful completion of which is required for medical licensure in the United States. Additionally, the level of performance on the USMLE is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the USMLE Step 2 within the boundaries of this

judicial district openly through 2009.

4. NBME engages in business in California and this judicial district and this action arises from those business activities. NBME, however, does not maintain a regular place of business in this state or this judicial district and does not have a designated agent for services of process in this state. NBME's principal place of business is 3750 Market St., Philadelphia, Pennsylvania 19104 and its registered agent in its state of incorporation is CT Corporation System 1025 Vermont Ave., N.W., Washington, D.C. 20005.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the USMLE Step 2 in this district, and the unlawful acts undertaken and resulting injuries occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. Jayatilaka has graduated from the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico. As part of being licensed to practice medicine in the United States, Jayatilaka is required to take the USMLE Step 2. He applied for and been given a scheduling permit to take the exam between October 1, 2008 and December 31, 2008. As a result of the NBME's failure to grant Jayatilaka's applications for accommodations and his appeal, his eligibility period has been extended to March 31, 2009.

8. Although his learning disabilities were not formally diagnosed until 2008, Jayatilaka's learning disabilities date back to 1995 when he was brutally attacked in Guadalajara, Mexico and suffered a fractured skull. Since that time, he has been diagnosed with post-traumatic migraines, along with a period of apparent short-term memory loss. He has noted challenges with verbal processing, speed of information processing, and extended mental tracking and control.

9. After graduating from the Medical School in 1997, Jayatilaka made at least five attempts before passing the Step 1 without accommodation in 1999.

10. Since 1999, Jayatilaka has made multiple attempts to pass the Step 2 without accommodation. For several years he has participated in a review program for Step 2 and Step 3 in Champaign, Illinois. Knowing the material well, Jayatilaka was asked to tutor other medical students for Step 2. Since his failures, only recently a colleague suggested that Jayatilaka undergo neuropsychological and neurobehavioral testing. As a result of that evaluation, he was diagnosed with cognitive challenges that result in his being unable to process what he reads as quickly as most other persons. This inability to process the written language substantially limits Jayatilaka's reading and learning abilities and results in his being unable to perform adequately on timed examinations as most people would.

11. Students after Medical School are required to take and pass the USMLE Step 2 and Step 3 examinations.

12. The NBME develops and administers the USMLE Step 2 at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

13. The NBME recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the USMLE Step 2, including accommodations for learning disabilities like those suffered by Jayatilaka.

14. In April 2008, Jayatilaka made application to take the USMLE Step 2 for the three month window of May through July 2008. Jayatilaka also requested a test accommodation based on his disability. The request for accommodation was supported by the neuropsyhcological examination by Terrance Dushenko, Ph.D. Because Jayatilaka was originally denied accommodations and appealed, his eligibility window was placed on hold until it was reinstated for the October through December three month period.

15. In a letter dated September 16, 2008, the NBME denied Jayatilaka's request for an accommodation for the USMLE Step 2 claiming Jayatilaka had not "demonstrate[d] substantial impairment in one or more life activities". NBME issued a Step 2 exam Scheduling Permit good through December 31, 2008, but made no allowance to accommodate his disability. Prior to the NBME's September 16, 2008 denial of Jayatilaka's request for accommodation, the NBME did not seek independently to examine Jayatilaka, nor did not meet or interview or otherwise independently evaluate Jayatilaka.

16. On December 22, 2008, Jayatilaka, acting through counsel, wrote to NBME to request reconsideration of the denial of his accommodations request. Jayatilaka provided NBME with additional information and evidence clarifying his prior disability diagnosis and his cognitive difficulties.

17. By a January 22, 2009 e-mail, Dr. Catherine Farmer, on behalf of NBME, denied Jayatilaka's request for reconsideration noting that his Step 2 eligibility expired December 31,

2008 and that no ruling would be issued until Jayatilaka has applied for another Step 2 eligibility period. Though in an email from Registration and Credentials Services of ECFMG dated January 23, 2009, Jayatilaka was informed that his eligibility has been extended to March 31, 2009 and that NBME would have record of this decision soon.

18. The facts establish that Jayatilaka has definite cognitive challenges that substantially limit his major life activities of learning, reading and writing as compared to most people. Under the ADA, Jayatilaka is entitled to a reasonable accommodation of additional time to take the USMLE Step 2 exam. NBME's refusal to provide Jayatilaka with an accommodation of extra time for the USMLE Step 2 exam, despite knowing of Jayatilaka's documented learning disabilities that are protected under the ADA, is a violation of Jayatilaka's right under the ADA.

19. Jayatilaka will be unable to complete the licensing process if he does not successfully complete the USMLE Step 2. Moreover, he will be placed at a distinct disadvantage if he must take the exam without accommodation for his disability. In the worst case scenario, Jayatilaka's medical career and dream could end if he is unable to pass the USMLE Step 2, because the NBME will not accommodate his disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

20. Jayatilaka incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21. Jayatilaka is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. §12102(2)(A).

22. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 2 as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

23. The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the USMLE Step 2.

24. Pursuant to 28 C.F.R. § 36.309(b), the NBME must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Jayatilaka, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

25. Jayatilaka has cognitive challenges that substantially limit his major life activities of learning, reading and writing. Jayatilaka's condition which has been diagnosed through testing, examination and evaluation by experts in this field constitutes a disability within the meaning of the ADA.

26. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life

activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

27. As noted above, Jayatilaka has cognitive challenges that substantially impair his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. These cognitive challenges substantially limit his activity of learning, reading, and writing, in comparison to most people and certainly in comparison to his peers, other medical students taking the USMLE.

28. Failure in the taking of the USMLE, necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the USMLE is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the USMLE is a primary determinant of a candidate's job opportunities for residency. Thus, Jayatilaka's entire future livelihood as a medical doctor rests on this exam.

29. Jayatilaka made formal written request of Defendant for reasonable accommodation for his disability in connection with taking the USMLE Step 2, i.e., double time to take the exam, an accommodation NBME has made to some people who have requested the accommodation. Such accommodations are consistent with reasonable accommodations the NBME has granted to other candidates in the past taking the exam.

30. The NBME's refusal to provide the reasonable test accommodations Jayatilaka requested for the USMLE Step 2 constitutes an illegal failure to accommodate a disabled person

in violation of the ADA.

31. Jayatilaka will be irreparably harmed if the NBME continues its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants preliminary injunctive relief prohibiting the continued violation of Jayatilaka's ADA rights and compelling the NBME to provide the requested accommodation, in that (a) Jayatilaka's medical career will be placed on hold because a passing score on the USMLE Step 2 is a prerequisite to taking Step 3 and becoming a licensed physician; (b) given his history with prior examinations, Jayatilaka is justifiably concerned that he will not pass the USMLE Step 2 without the additional extra time accommodation to which he is entitled under the ADA; (c) Jayatilaka's opportunity to engage in his career of choice is effectively on hold until the NBME is compelled to comply with the ADA; (d) requiring Jayatilaka to take the USMLE Step 2 without accommodation, puts him at distinct disadvantage given his disability; (f) reduced performance on the USMLE Step 2 as a result of not receiving accommodation significantly reduces Jayatilaka's future professional career options; and (g) Jayatilaka faces a future medical career end if he cannot successfully pass the Step 2 exam.

32. The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

33. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Jayatilaka with the ADA accommodations to which he is justly entitled.

34. As a result of the NBME's violation of the ADA, Jayatilaka has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish.

35. The NBME in denying Jayatilaka's request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Jayatilaka's ADA rights.

36. Accordingly, under the ADA, Jayatilaka is entitled to and hereby requests entry of a preliminary injunction directing the NBME immediately to cease and desist from its refusal to accommodate Jayatilaka's requests for accommodation on the USMLE Step 2 and ordering that the NBME immediately comply with the ADA by allowing Jayatilaka the requested accommodation of double the standard time to take the USMLE Step 2.

37. Further, Jayatilaka is entitled to and hereby requests that the Court enter a permanent injunction directing that the NBME immediately to cease and desist its refusal to accommodate Jayatilaka's request for an accommodation on the USMLE Step 2 and any future USMLE Step examinations to be taken by Jayatilaka and that the NBME comply with the ADA by providing Jayatilaka's requested accommodation with regard to the USMLE Step 2 and future USMLE examinations for which Jayatilaka is otherwise entitled to sit and for which he otherwise makes proper application.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

38. Jayatilaka incorporates by reference Paragraphs 1 through 37 as fully set forth herein.

39. 42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Jayatilaka is entitled to recovery and, hereby, does request recovery of all reasonable attorney's fees, costs, and expenses incurred in the bringing and prosecution of this action.

## JURY DEMAND

40. Jayatilaka hereby demands a trial by jury for all issues in this case that may be triable by a jury of his peers.

WHEREFORE, PREMISES CONSIDERED, Jayatilaka requests that this Court grant judgment in his favor and against the Defendant as follows:

1. enter a preliminary injunction directing that the NBME immediately cease and desist from its refusal to accommodate Jayatilaka's request for reasonable accommodations on the USMLE Step 2 examination and ordering that the NBME immediately comply with the ADA by allowing Jayatilaka the requested accommodation of double the standard time in which to take the USMLE Step 2 examination;

2. order Defendant to appear on the date and time affixed by this Court to show cause, if any there be, why a preliminary injunction as prayed for above, should not be issued;

3. enter judgment in the form of a permanent injunctive order against Defendant directing NBME to immediately cease and desist from its refusal to accommodate Jayatilaka's request for accommodation on the USMLE Step 2 examination and any future USMLE Step examinations for which Jayatilaka is otherwise entitled to sit and for which he has made proper application and ordering NBME to comply with the ADA by allowing Jayatilaka the requested

accommodation of double the standard time to take any of the USMLE Step examinations;

4. enter judgment against the Defendant awarding such compensatory damages as may be proven by Jayatilaka and to which he is entitled;

5. enter judgment against the Defendant awarding Jayatilaka recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

6. awarding such other and further relief as may be appropriate, in law or in equity, to which Jayatilaka may otherwise by entitled.

                                                Respectfully submitted,
                                                MULLIN, HOARD & BROWN, LLP

By: _____
     John M. Brown
       California SBN 87985
       Texas SBN 03142500
     Vincent E. Nowak
       Texas SBN 15121550
MULLIN HOARD & BROWN, LLP
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050 (Phone)
806.372.5086 (Fax)
jmb@mhba.com (e-mail)
vnowak@mhba.com (e-mail)
Attorneys for Plaintiff,
DRUVI JAYATILAKA

## **VERIFICATION**

STATE OF California §
COUNTY OF Los Angeles §

BEFORE ME, the undersigned notary public, on this day personally appeared Druvi Jayatilaka, who, after being duly sworn, stated under oath that he is the plaintiff in this action, that he has read Plaintiff's Original Complaint for Emergency Injunction Relief and Demand for Jury Trial, and that every factual statement contained in the complaint regarding his personal history is to his knowledge true and correct.

_____
Druvi Jayatilaka

SUBSCRIBED AND SWORN to before me on this the __1__ day of ~~March~~ April 2009.

_____
Notary Public, State of CALIFORNIA

JULIE ANN BEDARD
COMMISSION # 1636383
Notary Public - California
LOS ANGELES COUNTY
My Comm. Expires Jan. 9, 2010

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Druvi Jayatilaka, | CASE NUMBER |
| --- | --- |
| PLAINTIFF(S) | CV09-02932 PA (CWx) |
| v. | |
| National Board of Medical Examiners, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): National Board of Medical Examiners, 3750 Market Street, Philadelphia, PA 19104

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John M. Brown_____, whose address is Mullin, Hoard & Brown, P.O. Box 31656, Amarillo, Texas 79120_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: APR 27 2009

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                            **SUMMONS**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Druvi Jayatilaka

**DEFENDANTS**
National Board of Medical Examiners

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John M. Brown and Vincent E. Nowak, Mullin Hoard & Brown, LLP,
P.O. Box 31656, Amarillo, Texas 79120-1656

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Accommodations regarding Americans with Disabilities Act - 42 U.S.C. Section 12101 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☒ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-02932**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): Not to my knowledge.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): Orig Signed by JMB            Date 4/15/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |