MULLIN HOARD & BROWN, LLP
John M. Brown, Esq., California SBN 87985
Vincent E. Nowak, Esq., Texas SBN 15121550
P.O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050; Fax: (806) 372-5086
jmb@mhba.com; venowak@mhba.com

Attorneys for Plaintiff
DRUVI JAYATILAKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DRUVI JAYATILAKA,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

CV09-02932 PA (CWx)

Civil Action No. _____

### EX PARTE APPLICATION

Plaintiff Druvi Jayatilaka ("Jayatilaka") hereby applies *Ex Parte* to this Court for:

1. A temporary restraining order ("TRO") restraining and enjoining Defendant the National Board of Medical Examiners ("NBME") and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or privity with any of them, from refusing to accommodate Jayatilaka's requests for accommodation on the USMLE Step 2 and in violation of the ADA by denying Jayatilaka the requested accommodation of double the standard time to take the USMLE Step 2.

2. An order to show cause why a preliminary injunction, against the same persons and restraining the same activities, should not issue.

In support of this application plaintiff shows:

1. Jayatilaka will be irreparably harmed in the NBME continues its illegal refusal to provide him the reasonable test accommodations as requested under the ADA, in that (a) Jayatilaka's medical career will be placed on hold because a passing score on the USMLE Step 2 is a prerequisite to taking Step 3 and becoming a licensed physician; (b) given his history with prior examinations, Jayatilaka is justifiably concerned that he will not pass the USMLE Step 2 without the additional extra time accommodation to which he is entitled under the ADA; (c) Jayatilaka's opportunity to engage in his career of choice is effectively on hold until the NBME is compelled to comply with the ADA; (e) reduced performance on the USMLE Step 2 as a result of not receiving accommodations significantly reduces Jayatilaka's future professional career options; and (f) Jayatilaka faces a future medical career end if he cannot successfully pass the Step 2 exam;

2. The NBME will not be harmed if the Court grants the requested *ex parte* injunctive relief; thus, the balancing of harm factors weighs in favor of granting the TRO;

3. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Jayatilaka with the ADA accommodations to which he is justly entitled;

all as is more particularly set forth in the verified complaint, filed herewith, referred to and

1 | adopted in this motion as though fully set forth. The matters, facts and allegations contained in
2 | the complaint are referred to and adopted in this motion as though fully set forth in the motion.
3 |
4 | No previous application for this relief has previously been made.
5 | Respectfully submitted,
6 | MULLIN, HOARD & BROWN, LLP
7 |
8 | By: _____
9 | John M. Brown
   | California SBN 87985
10 | Texas SBN 03142500
   | Vincent E. Nowak
11 | Texas SBN 15121550
12 | MULLIN HOARD & BROWN, LLP
   | P. O. Box 31656
13 | Amarillo, Texas 79120-1656
   | 806.372.5050 (Phone)
14 | 806.372.5086 (Fax)
15 | jmb@mhba.com (e-mail)
   | venowak@mhba.com (e-mail)
16 | Attorneys for Plaintiff,
17 | DRUVI JAYATILAKA