SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2932 PA (CWx) | Date | April 28, 2009 |
|---|---|---|---|
| Title | Druvi Jayatilaka v. National Board of Medical Examiners | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS

    Before the Court is plaintiff Druvi Jayatilaka's ("Plaintiff") Ex Parte Application for a Temporary Restraining Order. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

    Plaintiff is a medical school graduate who has been diagnosed with a learning disability. Plaintiff seeks injunctive relief under the Americans with Disabilities Act ("ADA") against defendant National Board of Medical Examiners ("NBME"). Specifically, Plaintiff seeks an order requiring NBME to allow him double the standard time to take the United States Medical Licensing Examination ("USMLE") Step 2 exam. According to the Complaint, Plaintiff's eligibility period to take the USMLE Step 2 expired on March 31, 2009. Plaintiff did not file this action, however, until April 27, 2009. Neither the Complaint nor the papers filed in support of Plaintiff's Ex Parte Application indicate that Plaintiff's USMLE Step 2 exam is scheduled for a particular date in the future. Plaintiff has not yet served the Complaint on any of the defendants. Nevertheless, at the same time he filed the Complaint, Complaint, Plaintiff filed this Ex Parte Application without notice. In the Ex Parte Application.

    The Court finds that Plaintiff fails to meet the requirements for ex parte relief. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures"). Indeed, the Ninth Circuit recently reiterated, that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Here, Plaintiff has not made a satisfactory showing as to why notice cannot be given or why he cannot seek he requested injunctive relief through a regularly-noticed motion for preliminary injunction. Without such a showing, Plaintiff has failed to meet the "'stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders [which] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" Id. (quoting Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 1124, 39 L. Ed. 2d 435 (1974)).

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2932 PA (CWx) | Date | April 28, 2009 |
|---|---|---|---|
| Title | Druvi Jayatilaka v. National Board of Medical Examiners | | |

      Plaintiff has simply failed to establish that he will be irreparably prejudiced unless the Ex Parte Application is heard on an expedited basis without notice.  For all of the foregoing reasons, Plaintiff's Ex Parte Application is denied without prejudice to Plaintiff filing a noticed motion or seeking ex parte relief with notice.

      IT IS SO ORDERED.