COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
(gtenhoff@cooley.com)
WENDY J. BRENNER (198608)
(wbrenner@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 857-0663

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

MULLIN HOARD & BROWN, LLP
JOHN M. BROWN (87985)
(jmb@mhba.com)
VINCENT E. NOWAK (*pro hac vice*)
(venowak@mhba.com)
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

Attorneys for Plaintiff
DRUVI JAYATILAKA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT

## WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　Defendant. | Case No.  CV 09-02932 PA (CWx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>**HEARING DATE:  AUGUST 3, 2009**<br>**TIME: 10:30 A.M.**<br>**COURTROOM: 15**<br>**JUDGE:  HON. PERCY ANDERSON** |

1.

## I.   PRINCIPLE ISSUES IN THE CASE.

Through this lawsuit, Plaintiff Druvi Jayatilaka seeks to obtain an accommodation under the Americans with Disabilities Act (the "ADA") for his alleged disability on Step 2 of the United States Medical Licensing Examination ("USMLE"), an examination developed by Defendant National Board of Medical Examiners ("NBME"). Specifically, Plaintiff seeks double the standard amount of testing time. The NBME denies that Plaintiff has a disability under the ADA that qualifies him for the accommodation he seeks.

## II.   PLEADINGS.

A.   **Amendment:** The Parties agree that Plaintiff is not entitled to a jury trial under Title III of the ADA and anticipate stipulating shortly to an amendment to the Complaint to remove the demand for a jury. However, the Parties currently dispute whether compensatory damages are available to Plaintiff under Title III of the ADA (as alleged in the Complaint). The NBME believes that compensatory damages are not available under Title III pursuant to 42 U.S.C. § 12188 (incorporating remedies under 42 U.S.C. 2000a-3(a) and authorizing only injunctive relief and attorneys' fees in Title III suits brought by private plaintiffs); *Hobleman v. Kentucky Fried Chicken, KFC*, 260 F. Supp. 2d 801, 805 (D. Neb. 2003) (noting "Title III of the ADA does not provide for monetary damages or, concomitantly, a jury trial"); *Dorsey v. City of Detroit*, 157 F. Supp. 2d 729 (E. D. Mich. 2001) (dismissing claims under Title III of the ADA against private

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA

2.

JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

defendants because Title III does not authorize monetary damages or a jury trial). The NBME anticipates that a motion will be necessary if Plaintiff does not agree to amend his Complaint to delete the prayer for compensatory damages. The NBME is willing to stipulate to such an amendment. Apart from these issues, the Parties do not anticipate any further need to amend the pleadings. The Parties propose that the deadline to amend the pleadings be set for Friday, October 9, 2009.

**B.** **Additional Parties.** Neither party currently anticipates the joinder of any additional parties. The Parties propose that the deadline to add new parties be set for Friday, October 9, 2009.

### III. PRESERVATION, INITIAL DISCLOSURES, AND DISCOVERY.

**A.** **Preservation of Discoverable Information.** Both parties agree to preserve discoverable information.

**B.** **Rule 26(a) Exchange.** The Parties agree to exchange Rule 26(a)(1) Disclosures on or before Wednesday, July 15, 2009.

**C.** **Discovery Plan.**

**1.** **Subjects of Discovery:**

**a.** Plaintiff believes discovery may be needed on the following subjects: The NBME's decision to deny Plaintiff reasonable accommodations on the USMLE; the NBME's internal and outside personnel involved in the decision and the processes relative to such decision; the number of requests for accommodations received annually by the NBME and the number of

accommodations granted, whether through litigation or through the normal application process; whether the NBME has conducted any studies or is aware of any studies that examine whether accommodations on a timed exam provide any sort of advantage to disabled students vis-à-vis non-disabled students; and all of the subjects listed below by the NBME.

**b.** The NBME believes that discovery may be needed on the following subjects: Plaintiff's alleged disability; Plaintiff's past and present medical, neurological, and psychological diagnosis and treatment related to his alleged disability, including neuropsychological tests that measured Plaintiff's cognitive functioning and ability; measures and indicators of Plaintiff's past academic achievement and education history, including whether Plaintiff requested or was granted past accommodations; Plaintiff's scores and achievement on past standardized tests, including whether Plaintiff requested or was granted past accommodations; and Plaintiff's employment history.

**c.** The Parties reserve all of their rights to object to discovery into any of the foregoing topics pursuant to the Federal Rules of Civil Procedure.

///
///
///
///
///
///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA

4.

JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

**2.   Discovery Methods and Sequence.** In lieu of the agreed discovery plan required by the Court's Initial Scheduling Order, the Parties propose the following schedule of depositions, subpoenas, and written discovery, to commence immediately with service of the subpoenas as set forth below.

        **a.   Subpoenas.**   The NBME shall immediately serve subpoenas on the following third parties:

        **(i)**   Educational and Testing Subpoenas:

        **(a)**   Chadwick School (Plaintiff's high school);

        **(b)**   Plaintiff's Undergraduate College or University (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures);

        **(c)**   Universidad de Autonoma de Guadalajara (if possible) (medical school in Guadalajara, Mexico);

        **(d)**   Educational Testing Services (SAT, ACT, GRE scores);

        **(e)**   Association of American Medical Colleges (MCAT scores);

        **(ii)**   Medical Records:

        **(a)**   Dr. Allen J. Aksamit Jr., M.D., Mayo Clinic;

        **(b)**   Dr. Michael A. Mikhail, M.D., Mayo Clinic;

        **(c)**   Dr. William Hornstein;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA

5.

JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

**(d)**   Dr. Terrance Dushenko, Phd. and Dr. Andrew Levine, Phd.;

**(e)**   Plaintiff's treating psychologist in New Jersey (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures);

**(f)**   Plaintiff's treating psychologists in Illinois (Plaintiff saw two psychologists in Illinois between 2004 and 2007) (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures);

**(g)**   Plaintiff's treating psychologist in California (treating psychologist in 2006) (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures);

**(h)**   Dr. James Pratty;

**(i)**   Psychologist who treated Plaintiff with psychotherapy in 2008 (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures).

**(iii)**   Employment records:

**(a)**   St. Vincent's Hospital;

**(b)**   Other former employers of Plaintiff (Plaintiff's counsel to identify to the NBME's counsel in Plaintiff's Rule 26(a)(1) Disclosures).

///

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA

6.

JOINT SCHEDULING CONFERENCE REPORT
CV 09-02932 PA (CWx)

**b.**     Plaintiff will provide to the NBME's counsel a written consent for each of the subpoena recipients to produce the documents sought by the subpoena.  The NBME will promptly produce copies of any documents received in response to these subpoenas to Plaintiff's counsel.

**c.**     **Depositions.**  Upon mutually-agreeable dates shortly after the receipt of documents pursuant to the subpoenas, the NBME shall commence deposition discovery by first deposing the following individuals: Druvi Jayatilaka; Dr. Terrance Dushenko, Ph.D.; Dr. Andrew Levine, Ph.D.; and perhaps Dr. David Eggerton.  After these depositions, Plaintiff will depose the following individuals: Nancy L. Nussbaum, Ph.D.; George B. Litchford, Ph.D,; and Catherine Farmer of the NBME.  The depositions shall start at 9:00 a.m., and the time limitations set forth in the Federal Rule of Civil Procedure 30(d) shall apply.   If necessary, the Parties may depose further witnesses.

**d.**     **Written Discovery.**  If necessary, the Parties will engage in written discovery as provided in the Federal Rules of Civil Procedure.

**3.**     **Discovery Cut-Off Dates**.  The Parties propose a fact discovery cut-off date of December 23, 2009, and an expert discovery cut-off of January 29, 2010.  The Parties do not anticipate further phasing of discovery.

**4.**     **Discovery Limitations**.   At the present, the Parties do not believe that any changes should be made in the limitations of discovery imposed by Federal Rule of Civil Procedure 26 or Local Rule 26-1.   The Parties agree to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA                                                      7.                              **JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)**

produce electronically stored information by producing it in a format usable to the other party.

**5.   Expert Disclosures.**   The parties propose that expert disclosures, including initial expert reports, be exchanged on or before November 6, 2009.

**6.   Protective Orders.**   The NBME believes that a mutually acceptable protective order regarding information produced in discovery may be necessary.

## IV.   MOTIONS AND MOTION SCHEDULE.

**A.   Preliminary Injunction.**  Plaintiff anticipates making a motion for a preliminary injunction at the conclusion of the depositions pursuant to the Court's usual motion procedures.

**B.   Motion for Summary Adjudication.**   The NBME's initial assessment, based on the information currently available to it, is that it may bring a motion for summary judgment and/or summary adjudication as to whether Plaintiff is disabled under the ADA as a matter of law.   The Parties propose that all dispositive and partially dispositive motions be heard no later than 90 days before trial.

///

///

///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA

8.

JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

## V.   PRETRIAL AND TRIAL.

**A.     Trial by Judge.**  As noted above, the agree that this case should be tried by Judge.

**B.     Trial Estimate.**  The Parties estimate a 3 day bench trial.

**C.     Trial and Pretrial Conference Dates.**  The Parties propose April 2, 2010 as a Final Pretrial Conference date and a Trial Date of May 3, 2010.

## VI.   SETTLEMENT.

This case has been assigned to the Court's ADR Pilot Program.  As such, the Parties will file the ADR Pilot Program Questionnaire as required by the local rules. In addition, the Parties are agreeable to the following form of alternative dispute resolution:  Attorney Settlement Officer Panel pursuant to Local Rule 16-15.4(2). No settlement negotiations have taken place to date.

## VII.   COMPLEX CASES.

The Parties do not believe this case is unusually complex and does not believe that resort to the Manual for Complex Litigation is necessary.

///

///

///

///

///

///

///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA                                        9.                        JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

## VIII.  CONSENT TO MAGISTRATE JUDGE.

The Parties do not consent to the trial of this matter by a Magistrate Judge.

Dated:  July 13, 2009

COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)

GREGORY C. TENHOFF
Attorneys for the Defendant
NATIONAL BOARD OF MEDICAL
EXAMINERS

Dated:  July 13, 2009

MULLIN HOARD & BROWN, LLP
JOHN M. BROWN (87985)
VINCENT E. NOWAK (pro hac vice)

VINCENT E. NOWAK
Attorneys for the Plaintiff
DRUVI JAYATILAKA

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

796482 v4/PA                          10.

JOINT SCHEDULING CONFERENCE
REPORT
CV 09-02932 PA (CWx)

## PROOF OF SERVICE
### (FRCP 5)

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Cooley Godward Kronish LLP, Five Palo Alto Square, 3000 El Camino Real, Palo Alto, California 94306-2155. On the date set forth below I served the documents described below in the manner described below:

### JOINT SCHEDULING CONFERENCE REPORT

☒ **(BY U.S. MAIL)** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Palo Alto, California.

☐ **(BY MESSENGER SERVICE)** by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by _____ for overnight delivery.

☐ **(BY ELECTRONIC MAIL)** I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be prepared in PDF and then served by electronic mail to the parties listed below.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

795142 v2/PA                                    1.                PROOF OF SERVICE
CASE NO. CV-09-02932 PA (CWx)

on the following part(ies) in this action:

John Mark Brown
(email: jmb@mhba.com)
Vincent E. Nowak
(email: venowak@mhba.com)
Mullin Hoard & Brown LLP
500 South Taylor Street
Suite 800
P.O. Box 31656
Amarillo, TX 79120-1656
Phone: (806) 372-5050
Fax: (806) 372-5086
Attorneys for Plaintiff Druvi Jayatilaka

Executed on July 13, 2009, at Palo Alto, California.

_____
Lori L. O'Dell

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

795142 v2/PA                                    2.                          PROOF OF SERVICE
CASE NO. CV-09-02932 PA (CWx)