COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
(gtenhoff@cooley.com)
WENDY J. BRENNER (198608)
(wbrenner@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 857-0663

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | Case No. CV 09-02932 PA (CWx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS' MOTION TO STRIKE PLAINTIFF'S ALLEGATIONS AND PRAYER REGARDING COMPENSATORY DAMAGES**<br><br>Date:  Monday October 26, 2009<br>Time:  1:30 p.m.<br>Court Room:  15<br>Judge:  Hon. Percy Anderson<br><br>Complaint Filed:  April 27, 2009<br>Trial Date:  April 6, 2010 |

**I.     INTRODUCTION.**

Pursuant to Federal Rule of Civil Procedure 12(f), Defendant National Board of Medical Examiners ("NBME") moves to strike from the Complaint Plaintiff's allegations relating to, and prayer for, compensatory damages.  Because such

damages are not available to Plaintiff as a matter of law under Title III of the Americans with Disabilities Act, the NBME seeks to delete these allegations at the outset of the case to avoid unnecessary discovery into such issues and to narrow the issues that this Court will be required to adjudicate.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND.

Plaintiff Druvi Jayatilaka seeks to obtain an accommodation under Title III of the Americans with Disabilities Act ("ADA") for his alleged disability. He is seeking double the standard amount of testing time to take the United States Medical Licensing Examination ("USMLE") Step 2 Clinical Knowledge ("CK"), an examination developed by the NBME.

In addition to his request for mandatory injunctive relief requiring the NBME to provide him with double time on the USMLE Step 2 CK, Plaintiff's Complaint seeks compensatory damages. Under "Count I," Plaintiff alleges that: "As a result of the NBME's violation of the ADA, Jayatilaka has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish." Compl., at ¶ 34. Plaintiff's Complaint also includes a prayer requesting the Court to "enter judgment against the Defendant awarding such compensatory damages as may be proven by Jayatilaka and to which he is entitled." Compl., at page 12, lines 1–2.

The issue of Plaintiff's improper allegations and prayer for compensatory damages was first addressed in the parties' Joint Scheduling Conference Report. Document Index ("D.I.") 20 ("The NBME believes that compensatory damages are not available under Title III. The NBME anticipates that a motion will be necessary

---

[1] In addition, in the Joint Scheduling Conference Report, the parties stipulated that Plaintiff is not entitled to a jury trial under Title III of the ADA. To date, Plaintiff has not moved to amend his Complaint to remove the demand for a jury, and this case has been set for a Court trial on April 6, 2010. Pursuant to Rule 12(f)(1), this Court also may strike Plaintiff's now moot demand for a jury trial on its own should it wish to do so.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

802249 v2/PA        2.        MEMORANDUM OF POINTS & AUTHORITIES IN
SUPPORT OF NBME'S MOTION TO STRIKE
CASE NO. CV 09-02932 PA (CWx)

if Plaintiff does not agree to amend his Complaint to delete the prayer for compensatory damages. The NBME is willing to stipulate to such an amendment."). This Court's subsequent July 27 Order anticipated this need to amend the pleadings and set the last day for hearing any motion to amend the pleadings for October 26, 2009. D.I. 24. Although the parties have engaged in numerous communications regarding this issue, and despite the fact that the NBME has provided Plaintiff's counsel with legal authority demonstrating that compensatory damages are not available under Title III, Plaintiff has so far refused to amend his Complaint to delete these allegations, thereby necessitating this motion.

## III. ARGUMENT.

### A. Legal Standard.

The purpose of a motion under Federal Rule of Civil Procedure 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (citing *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). A motion to strike pursuant to Federal Rule of Civil Procedure 12(f) is the appropriate procedure for challenging Plaintiff's improper request for compensatory damages if they are not recoverable as a matter of law. *See Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (citing

//
//
//
//
//
//
//

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

802249 v2/PA

3.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF NBME'S MOTION TO STRIKE
CASE NO. CV 09-02932 PA (CWx)

*Tapley* and stating that "a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law").[2]

### B.  Compensatory Damages Are Not Available Under Title III of the ADA.

Plaintiff's Complaint seeks relief under Title III of the ADA (42 U.S.C. § 12188).  Compl., at ¶ 5 ("This court also has jurisdiction pursuant to 42 U.S.C. § 12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability of Title III of the ADA.").

Injunctive relief is the only available remedy for private actions under Title III.  Title III of the ADA incorporates the remedies available under 42 U.S.C. § 2000a-3(a) and states, "[t]he remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. §2000a-3(a)) are the remedies and procedures of this title."  42 U.S.C. § 12188(a)(1).  Section 2000a-3(a), in turn, provides only for injunctive relief and states that an individual may file a "civil action for preventive relief, including an application for permanent or temporary injunction, restraining order, or other order."  42 U.S.C. §2000a-3(a).

Binding Ninth Circuit precedent holds that compensatory damages are not available under Title III.  *Fischer v. SJB P.D. Inc.,* 214 F.3d 1115, 1120 (9th Cir. 2000) ("Congress created a cause of action for private individuals, but limited the

---

[2] Typically, Rule 12(f) motions must be brought within twenty days of service of the pleading.  However, this Court's July 27, 2009 Order provided additional time for the parties to attempt to resolve this issue, and set the date by which the parties must move to amend the pleadings if they were unable to do so.  The NBME had hoped to avoid this motion altogether by offering to stipulate to an amendment of the Complaint that would delete Plaintiff's allegations regarding, and prayer for, compensatory damages, and by providing Plaintiff's counsel the relevant statutory and case law in order to show that compensatory damages are not available under Title III as a matter of law.  Declaration of Wendy Brenner, submitted herewith, at ¶¶ 2-4.

remedies available under that cause of action to 'preventative' or equitable relief. *See* 42 U.S.C. §12188(a)(1). Monetary relief is not an option for private individuals under Title III of the ADA."). Other federal courts have agreed. *See Hobleman v. Kentucky Fried Chicken, KFC*, 260 F. Supp. 2d 801, 805 (D. Neb. 2003) ( "Title III of the ADA does not provide for monetary damages.").

## IV. CONCLUSION.

Accordingly, Defendant NBME respectfully requests this Court strike Plaintiff's claims and prayer for compensatory damages in his Complaint, specifically: (1) Paragraph 34, which states, "[a]s a result of the NBME's violation of the ADA, Jayatilaka has suffered or will suffer great injury, including, but not limited to, lost employment opportunities, out-of-pocket pecuniary losses, and severe emotional distress and anguish"; and (2) Page 12, lines 1-2, in which the prayer requests that the court, "enter judgment against the Defendant awarding such compensatory damages as may be proven by Jayatilaka and to which he is entitled."

Dated: October 2, 2009

COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)

/S/
WENDY J. BRENNER (198608)
Attorneys for the Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

802249 v2/PA

5.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF NBME'S MOTION TO STRIKE
CASE NO. CV 09-02932 PA (CWx)