MULLIN HOARD & BROWN, LLP
John M. Brown, Esq., California SBN 87985
Vincent E. Nowak, Esq., Texas SBN 15121550
P.O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050; Fax: (806) 372-5086
jmb@mhba.com; venowak@mhba.com

Alisa M. Morgenthaler, State Bar 146940
GLASWER, WEIL, FINK, JACOBS
  HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
(310) 282-6287; (310) 556-2920
amorgenthaler@glaserweil.com

Attorneys for Plaintiff
DRUVI JAYATILAKA

CLERK, U.S. DISTRICT COURT
FILED
OCT 2 3 2009
CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DRUVI JAYATILAKA,

    Plaintiff,

v.

NATIONAL BOARD OF MEDICAL EXAMINERS,

    Defendant.

Civil Action No. CV 09-02932 PA (CWx)

**FIRST AMENDED COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF**

**To the Honorable United States District Court Judge:**

    Plaintiff, Druvi Jayatilaka (Jayatilaka), by the undersigned counsel, files his First Amended

Complaint for Emergency Injunctive Relief against Defendant, National Board of Medical Examiners ("NBME") and respectfully states the following:

## NATURE OF THE ACTION

1. This is an action for emergency, preliminary and permanent injunctive relief, and for, attorneys' fees and costs incurred in bringing this action based on Defendant's refusal to provide reasonable accommodations to Jayatilaka pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq. Jayatilaka is a graduate from the Universidad de Autonoma de Guadalajara (the "Medical School") in Guadalajara, Mexico, and successfully passed the U.S. Medical Licensing Examination ("USMLE") Step 1 in June of 1999. Jayatilaka was scheduled to take the USMLE Step 2 in late 2008 in California. The NBME has illegally refused and is illegally refusing to accommodate Jayatilaka's learning disability by refusing to provide Jayatilaka additional time to take the USMLE Step 2. Jayatilaka seeks a preliminary and permanent injunction prohibiting the NBME from continuing its violation of Plaintiff's ADA rights and compelling the NBME to allow Jayatilaka to take the examination with appropriate accommodations. NBME's actions are in violation of the ADA, including 42 U.S.C. § 12189.

## PARTIES

2. Jayatilaka, has graduated the Medical School and is now domiciled in Palos Verdes, Los Angeles County, California. Jayatilaka, who has been diagnosed with a learning disability, intended to take the USMLE Step 2 in late 2008 in California at a qualified Silvan Learning Center. Jayatilaka's learning disability impairs his reading ability to the point that his competence level is below that expected in comparison to most people and is a disability within the meaning of the ADA. 42 USC §12102(2).

3.      Defendant, NBME, is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. NBME administers the USMLE, a single three-step examination, the successful completion of which is required for medical licensure in the United States. Additionally, the level of performance on the USMLE is a primary determinant of the quality of institution for which a candidate will be accepted for residency training. Defendant has previously administered and will administer the USMLE Step 2 within the boundaries of this judicial district openly through 2009.

4.      NBME engages in business in California and this judicial district and this action arises from those business activities. NBME, however, does not maintain a regular place of business in this state or this judicial district and does not have a designated agent for services of process in this state. NBME's principal place of business is 3750 Market St., Philadelphia, Pennsylvania 19104 and its registered agent in its state of incorporation is CT Corporation System 1025 Vermont Ave., N.W., Washington, D.C. 20005.

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This action arises under the laws of the United States, specifically the ADA, and accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction pursuant to 42 U.S.C. §12188(a)(1), which incorporates the provisions of 42 U.S.C. § 2000a-3(a), providing for civil actions in this Court by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the Defendant is doing business in this judicial district by virtue of administering the USMLE Step 2 in this district, and the unlawful acts undertaken and resulting injuries occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. Jayatilaka has graduated from the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico. As part of being licensed to practice medicine in the United States, Jayatilaka is required to take the USMLE Step 2. He applied for and been given a scheduling permit to take the exam between October 1, 2008 and December 31, 2008. As a result of the NBME's failure to grant Jayatilaka's applications for accommodations and his appeal, his eligibility period has been extended to March 31, 2009.

8. Although his learning disabilities were not formally diagnosed until 2008, Jayatilaka's learning disabilities date back to 1995 when he was brutally attacked in Guadalajara, Mexico and suffered a fractured skull. Since that time, he has been diagnosed with post-traumatic migraines, along with a period of apparent short-term memory loss. He has noted challenges with verbal processing, speed of information processing, and extended mental tracking and control.

9. After graduating from the Medical School in 1997, Jayatilaka made at least five attempts before passing the Step 1 without accommodation in 1999.

10. Since 1999, Jayatilaka has made multiple attempts to pass the Step 2 without accommodation. For several years he has participated in a review program for Step 2 and Step 3 in Champaign, Illinois. Knowing the material well, Jayatilaka was asked to tutor other medical students for Step 2. Since his failures, only recently a colleague suggested that Jayatilaka undergo neuropsychological and neurobehavioral testing. As a result of that evaluation, he was diagnosed with cognitive challenges that result in his being unable to process what he reads as quickly as most other persons. This inability to process the written language substantially limits Jayatilaka's reading and learning abilities and results in his being unable to perform adequately on timed

examinations as most people would.

11. Students after Medical School are required to take and pass the USMLE Step 2 and Step 3 examinations.

12. The NBME develops and administers the USMLE Step 2 at various test sites and on various dates throughout the United States. The results of each student's scores are reported to that student's medical school.

13. The NBME recognizes the right of disabled persons to accommodations by providing an application on which examinees can request test accommodations for the USMLE Step 2, including accommodations for learning disabilities like those suffered by Jayatilaka.

14. In April 2008, Jayatilaka made application to take the USMLE Step 2 for the three month window of May through July 2008. Jayatilaka also requested a test accommodation based on his disability. The request for accommodation was supported by the neuropsyhcological examination by Terrance Dushenko, Ph.D. Because Jayatilaka was originally denied accommodations and appealed, his eligibility window was placed on hold until it was reinstated for the October through December three month period.

15. In a letter dated September 16, 2008, the NBME denied Jayatilaka's request for an accommodation for the USMLE Step 2 claiming Jayatilaka had not "demonstrate[d] substantial impairment in one or more life activities". NBME issued a Step 2 exam Scheduling Permit good through December 31, 2008, but made no allowance to accommodate his disability. Prior to the NBME's September 16, 2008 denial of Jayatilaka's request for accommodation, the NBME did not seek independently to examine Jayatilaka, nor did not meet or interview or otherwise independently evaluate Jayatilaka.

16. On December 22, 2008, Jayatilaka, acting through counsel, wrote to NBME to request reconsideration of the denial of his accommodations request. Jayatilaka provided NBME with additional information and evidence clarifying his prior disability diagnosis and his cognitive difficulties.

17. By a January 22, 2009 e-mail, Dr. Catherine Farmer, on behalf of NBME, denied Jayatilaka's request for reconsideration noting that his Step 2 eligibility expired December 31, 2008 and that no ruling would be issued until Jayatilaka has applied for another Step 2 eligibility period. Though in an email from Registration and Credentials Services of ECFMG dated January 23, 2009, Jayatilaka was informed that his eligibility has been extended to March 31, 2009 and that NBME would have record of this decision soon.

18. The facts establish that Jayatilaka has definite cognitive challenges that substantially limit his major life activities of learning, reading and writing as compared to most people. Under the ADA, Jayatilaka is entitled to a reasonable accommodation of additional time to take the USMLE Step 2 exam. NBME's refusal to provide Jayatilaka with an accommodation of extra time for the USMLE Step 2 exam, despite knowing of Jayatilaka's documented learning disabilities that are protected under the ADA, is a violation of Jayatilaka's right under the ADA.

19. Jayatilaka will be unable to complete the licensing process if he does not successfully complete the USMLE Step 2. Moreover, he will be placed at a distinct disadvantage if he must take the exam without accommodation for his disability. In the worst case scenario, Jayatilaka's medical career and dream could end if he is unable to pass the USMLE Step 2, because the NBME will not accommodate his disability as required by the ADA.

## COUNT I — VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

20. Jayatilaka incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21. Jayatilaka is an individual with a disability as defined by the ADA because he has a mental impairment that substantially limits one or more of his major life functions, namely, learning disabilities that substantially limit his major life functions of learning, reading, and writing. 42 U.S.C. §12102(2)(A).

22. Title III of the ADA (46. U.S.C. § 12189) prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 2 as follows:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

23. The NBME is covered by the ADA pursuant to 42 U.S.C. §12189 in its capacity as the administrator of the USMLE Step 2.

24. Pursuant to 28 C.F.R. § 36.309(b), the NBME must assure that any examination

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

One reasonable accommodation for a disabled person, such as Jayatilaka, that may be allowed under the ADA is lengthening the time permitted for completing the examination.

25. Jayatilaka has cognitive challenges that substantially limit his major life activities of learning, reading and writing. Jayatilaka's condition which has been diagnosed through testing, examination and evaluation by experts in this field constitutes a disability within the meaning of the ADA.

26. Under the ADA, a disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities of an individual. 42 U.S.C. § 12102(2). Under the authority of 42 U.S.C. § 12134, the Department of Justice has promulgated regulations (28 CFR § 35.104) that include "learning" and "work" within the definition of major life activities. The major life activity of learning also includes "reading" and "writing" as activities protected by the ADA. The "substantially limited" standard for the major life activity of learning, reading, or writing, is established when "the individual's important life activities are restricted as to the condition, manner, or duration under which they can be performed in comparison to most people." 28 CFR, pt. 36, App. B.

27. As noted above, Jayatilaka has cognitive challenges that substantially impair his ability to read and process the written word. His disability precludes him from learning, reading and writing in the same manner and in the same amount of time as most people. These cognitive challenges substantially limit his activity of learning, reading, and writing, in comparison to most people and certainly in comparison to his peers, other medical students taking the USMLE.

28. Failure in the taking of the USMLE, necessarily precludes an individual from employment as a medical doctor in the United States. Successful passing of the USMLE is a prerequisite to licensure to practice medicine in the United States, and the level of performance in the taking of the USMLE is a primary determinant of a candidate's job opportunities for residency.

Thus, Jayatilaka's entire future livelihood as a medical doctor rests on this exam.

29. Jayatilaka made formal written request of Defendant for reasonable accommodation for his disability in connection with taking the USMLE Step 2, i.e., double time to take the exam, an accommodation NBME has made to some people who have requested the accommodation. Such accommodations are consistent with reasonable accommodations the NBME has granted to other candidates in the past taking the exam.

30. The NBME's refusal to provide the reasonable test accommodations Jayatilaka requested for the USMLE Step 2 constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

31. Jayatilaka will be irreparably harmed if the NBME continues its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants preliminary injunctive relief prohibiting the continued violation of Jayatilaka's ADA rights and compelling the NBME to provide the requested accommodation, in that (a) Jayatilaka's medical career will be placed on hold because a passing score on the USMLE Step 2 is a prerequisite to taking Step 3 and becoming a licensed physician; (b) given his history with prior examinations, Jayatilaka is justifiably concerned that he will not pass the USMLE Step 2 without the additional extra time accommodation to which he is entitled under the ADA; (c) Jayatilaka's opportunity to engage in his career of choice is effectively on hold until the NBME is compelled to comply with the ADA; (d) requiring Jayatilaka to take the USMLE Step 2 without accommodation, puts him at distinct disadvantage given his disability; (f) reduced performance on the USMLE Step 2 as a result of not receiving accommodation significantly reduces Jayatilaka's future professional career options; and (g) Jayatilaka faces a future medical career end if he cannot successfully pass the Step

2 exam.

32. The NBME will not be harmed if the Court grants the requested injunctive relief. Thus, the balancing of harm favors granting the requested injunctive relief.

33. The public interest will be served by granting the requested injunctive relief. The ADA was enacted as a matter of public policy to ensure that disabled persons are treated fairly and provided with equal opportunities to those persons in the community without disabilities. The public interest will not be served by allowing the NBME to continue its unlawful refusal to provide Jayatilaka with the ADA accommodations to which he is justly entitled.

34. The NBME in denying Jayatilaka's request for reasonable accommodation violated the ADA and has done so while acting maliciously or with reckless indifference for Jayatilaka's ADA rights.

35. Accordingly, under the ADA, Jayatilaka is entitled to and hereby requests entry of a preliminary injunction directing the NBME immediately to cease and desist from its refusal to accommodate Jayatilaka's requests for accommodation on the USMLE Step 2 and ordering that the NBME immediately comply with the ADA by allowing Jayatilaka the requested accommodation of double the standard time to take the USMLE Step 2.

36. Further, Jayatilaka is entitled to and hereby requests that the Court enter a permanent injunction directing that the NBME immediately to cease and desist its refusal to accommodate Jayatilaka's request for an accommodation on the USMLE Step 2 and any future USMLE Step examinations to be taken by Jayatilaka and that the NBME comply with the ADA by providing Jayatilaka's requested accommodation with regard to the USMLE Step 2 and future USMLE examinations for which Jayatilaka is otherwise entitled to sit and for which he otherwise makes

proper application.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

37. Jayatilaka incorporates by reference Paragraphs 1 through 36 as fully set forth herein.

38. 42 U.S.C. § 12188(a)(1), incorporates into Title III of the ADA the remedies and procedures set forth in 42 U.S.C. § 2000a-3(a) including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing this claim under the ADA. Jayatilaka is entitled to recovery and, hereby, does request recovery of all reasonable attorney's fees, costs, and expenses incurred in the bringing and prosecution of this action.

WHEREFORE, PREMISES CONSIDERED, Jayatilaka requests that this Court grant judgment in his favor and against the Defendant as follows:

1. enter a preliminary injunction directing that the NBME immediately cease and desist from its refusal to accommodate Jayatilaka's request for reasonable accommodations on the USMLE Step 2 examination and ordering that the NBME immediately comply with the ADA by allowing Jayatilaka the requested accommodation of double the standard time in which to take the USMLE Step 2 examination;

2. order Defendant to appear on the date and time affixed by this Court to show cause, if any there be, why a preliminary injunction as prayed for above, should not be issued;

3. enter judgment in the form of a permanent injunctive order against Defendant directing NBME to immediately cease and desist from its refusal to accommodate Jayatilaka's request for accommodation on the USMLE Step 2 examination and any future USMLE Step examinations for which Jayatilaka is otherwise entitled to sit and for which he has made proper

application and ordering NBME to comply with the ADA by allowing Jayatilaka the requested accommodation of double the standard time to take any of the USMLE Step examinations;

4. enter judgment against the Defendant awarding Jayatilaka recovery of his reasonable attorney's fees, costs and expenses incurred in bringing and prosecuting this litigation; and

5. awarding such other and further relief as may be appropriate, in law or in equity, to which Jayatilaka may otherwise by entitled.

Respectfully submitted,
MULLIN, HOARD & BROWN, LLP

By: _____
John M. Brown
    California SBN 87985
    Texas SBN 03142500
Vincent E. Nowak
    Texas SBN 15121550
MULLIN HOARD & BROWN, LLP
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050 (Phone)
806.372.5086 (Fax)
jmb@mhba.com (e-mail)
vnowak@mhba.com (e-mail)
Attorneys for Plaintiff,
DRUVI JAYATILAKA