COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
(gtenhoff@cooley.com)
WENDY J. BRENNER (198608)
(wbrenner@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>Defendant. | Case No. CV 09-02932 PA (CWx)<br><br>**ANSWER OF DEFENDANT NATIONAL BOARD OF MEDICAL EXAMINERS TO PLAINTIFF DRUVI JAYATILAKA'S FIRST AMENDED COMPLAINT**<br><br>Hon. Percy Anderson<br>Trial Date: April 6, 2010 |

Defendant the National Board of Medical Examiners ("NBME") hereby responds as follows to the First Amended Complaint of Plaintiff Druvi Jayatilaka ("First Amended Complaint"):

**NATURE OF THE ACTION**

**1.** The NBME admits that Plaintiff's First Amended Complaint seeks preliminary and permanent injunctive relief, and attorneys' fees and costs. The NBME further admits that Plaintiff's First Amended Complaint alleges discrimination under the Americans with Disabilities Act ("ADA"). The NBME further admits that Plaintiff successfully passed the United States Medical

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA

1.

ANSWER OF DEFENDANT NBME TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWX)

Licensing Examination ("USMLE") Step 1 in June 1999. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 concerning Plaintiff's educational background at the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico, and on that basis denies the allegation. Except as so admitted and specifically denied, the NBME denies each and every allegation in paragraph 1 of the First Amended Complaint.

## PARTIES

2. The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 concerning whether Plaintiff graduated from medical school and concerning the location of Plaintiff's residence, and on that basis, denies those allegations. The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2 concerning Plaintiff's intention to take the USMLE Step 2 in late 2008 in California, and on that basis, denies those allegations. The NBME admits that Plaintiff was eligible to take the USMLE Step 2 Clinical Knowledge during the period of August 1, 2008 through October 31, 2008. The NBME further admits that it extended Plaintiff's eligibility period, with his assent, to October 1, 2008 through December 31, 2008. The third sentence of paragraph 2 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to that sentence is required. To the extent any factual allegations are contained in the third sentence of paragraph 2 of the First Amended Complaint, the NBME denies each and every allegation contained therein. Except as so admitted and specifically denied, the NBME denies each and every allegation contained in paragraph 2 of the First Amended Complaint.

3. The NBME admits that NBME is a non-profit organization headquartered in Philadelphia, Pennsylvania. The NBME further admits that NBME co-sponsors with the Federation of State Medical Boards the USMLE, which is a three-step examination, offered on computer year-round at numerous test

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA     2.     ANSWER OF DEFENDANT NBME TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

sites operated by its testing vendor, throughout the United States. The NBME further admits that the USMLE Step 2 Clinical Knowledge previously has been, and is currently, administered within the boundaries of this district through 2009. Except as so specifically admitted, the NBME denies each and every allegation contained in paragraph 3 of the First Amended Complaint.

**4.** The NBME admits that NBME's principal place of business is 3750 Market Street, Philadelphia, Pennsylvania 19104 and that its registered agent in NBME's state of incorporation is CT Corporation System, 1015 15 Street, N.W., Washington, D.C. 20005. The NBME further admits that the USMLE Step 2 Clinical Knowledge previously has been, and is currently, administered within the boundaries of this district through 2009. Except as so specifically admitted, the NBME denies each and every allegation contained in paragraph 4 of the First Amended Complaint.

## SUBJECT MATTER JURISDICTION AND VENUE

**5.** The NBME admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and that the Plaintiff attempts to state a claim under the ADA. Except as so admitted, the NBME denies each and every allegation in paragraph 5 of this First Amended Complaint.

**6.** The NBME admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391. Except as so specifically admitted, the NBME denies each and every allegation in paragraph 6 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

**7.** The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 concerning whether the Plaintiff graduated from the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico, and on that basis denies the allegation. The NBME admits that Plaintiff is required to take the USMLE Step 2 Clinical Knowledge as a part of the licensure process to practice medicine in the United States. The NBME further

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA

3.

ANSWER OF DEFENDANT NBME TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

admits that Plaintiff applied for and was given a scheduling permit to take the exam during the period of October 1, 2008 through December 31, 2008, and that Plaintiff's eligibility period was subsequently extended to March 31, 2009. The NBME further admits that Plaintiff's application for accommodations for USMLE Step 2 Clinical Knowledge was received by the NBME on July 21, 2008, and that the NBME denied Plaintiff's request for accommodations in a letter dated September 16, 2008. The NBME further admits that Plaintiff subsequently requested reconsideration of the NBME's denial by letter from his attorney dated December 22, 2008, and that the NBME reconsidered Plaintiff's request for accommodations and denied the requested accommodations in a letter dated February 12, 2009. Except as so admitted and denied, the NBME denies each and every allegation contained in paragraph 7 of the First Amended Complaint.

**8.** The NBME denies each and every allegation in paragraph 8 of the First Amended Complaint.

**9.** The NBME admits that Plaintiff made five attempts to pass USMLE Step 1 and passed Step 1 without accommodations on his fifth attempt in 1999. Except as so admitted, the NBME denies each and every other allegation in paragraph 9 of the First Amended Complaint.

**10.** The NBME admits that Plaintiff made previous attempts to pass USMLE Step 2 Clinical Knowledge without accommodation. The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 concerning whether Plaintiff participated in a review program for Step 2 and Step 3, and whether he was asked to tutor other medical students for Step 2, and on that basis denies those allegations. Except as so admitted and denied, the NBME denies each and every allegation contained in paragraph 10 of the First Amended Complaint.

**11.** The NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 concerning the requirements

for "students after Medical School," and on that basis, denies each of the allegations in paragraph 11 of the First Amended Complaint. The NBME admits that all medical licensing authorities in the U.S. accept passing the USMLE as satisfying one of the prerequisites to licensure to practice medicine in the United States. Except as so specifically admitted and denied, the NBME denies each and every allegation contained in paragraph 11 of the First Amended Complaint.

**12.** The NBME admits that NBME develops the USMLE Step 2 and that the USMLE Step 2 Clinical Knowledge is provided on various dates at various test sites run by third parties throughout the United States. Except as so specifically admitted, the NBME denies each and every allegation contained in paragraph 12 of the First Amended Complaint.

**13.** The NBME admits that the NBME has promulgated guidelines for submitting requests for accommodations on the USMLE consistent with the requirements of the ADA, based on a learning disability or other cognitive impairment. The NBME avers that these guidelines, which must be read in their entirety, speak for themselves. Except as so specifically admitted and averred, the NBME denies each and every allegation contained in paragraph 13 of the First Amended Complaint.

**14.** The NBME admits that Plaintiff submitted an application to take the USMLE Step 2 Clinical Knowledge, selecting an eligibility period of February, March, and April, which period was subsequently extended to May, June, and July of 2008. The NBME further admits that in July 2008, Plaintiff requested a test accommodation on the USMLE Step 2 Clinical Knowledge for the first time. The NBME further admits that Plaintiff submitted a Neuropsychological Evaluation dated May 21, 2008 from Drs. Terrance Dushenko, Ph.D. and Andrew Levine, Ph.D. in support of his application. The NBME avers that this communication, which must be read in its entirety, speaks for itself. The NBME further admits that Plaintiff's eligibility period was extended to October 1, 2008 through

December 31, 2008, and subsequently extended through March 31, 2009. Except as so specifically admitted and averred, the NBME denies each and every allegation contained in paragraph 14 of the First Amended Complaint.

15. The NBME admits that after considering all of the documents and information submitted by Plaintiff, and receiving input from independent experts, the NBME sent a letter dated September 16, 2008 to Plaintiff notifying Plaintiff that his request for accommodation was denied. The NBME avers that this letter, which must be read in its entirety, speaks for itself. The NBME further admits that the Plaintiff's eligibility was subsequently extended through December 31, 2008. Except as so specifically admitted and averred, the NBME denies each and every allegation in paragraph 15 of the First Amended Complaint.

16. The NBME admits that the Plaintiff requested reconsideration of the denial of his request for accommodations. The NBME further admits that the Plaintiff submitted to the NBME a letter dated December 22, 2008 from Plaintiff's counsel. The NBME avers that the letter dated December 22, 2008, which must be read in its entirety, speaks for itself. The NBME further admits that the Plaintiff provided a copy of an affidavit dated December 19, 2008 from Dr. Dushenko and a copy of the May 21, 2008 Neuropsychological Evaluation from Drs. Dushenko and Levine. The NBME avers that these communications, which must be read in their entirety, speak for themselves. Except as so admitted and averred, the NBME denies each and every allegation contained in paragraph 16 of the First Amended Complaint.

17. The NBME admits that Dr. Catherine Farmer sent an email dated January 22, 2009 to Plaintiff. The NBME avers that the email communication, which must be read in its entirety, speaks for itself. The NBME further admits that an email dated January 23, 2009 was sent to Plaintiff from ECFMG Registration and Credentials Services. The NBME avers that this email communication, which must be read in its entirety, speaks for itself. Except as so admitted and averred, the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA                       6.                       ANSWER OF DEFENDANT NBME TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

NBME denies each and every allegation contained in paragraph 17 of the First Amended Complaint.

**18.** Paragraph 18 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 18 is required. To the extent any factual allegations are contained in paragraph 18 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**19.** The NBME admits that passing the USMLE is one of the prerequisites to licensure for allopathic physicians to practice medicine in the United States. Except as so specifically admitted, the NBME denies each and every allegation contained in paragraph 19 of the First Amended Complaint.

## COUNT I – VIOLATION OF THE ADA; REQUEST FOR INJUNCTIVE RELIEF

**20.** The NBME hereby incorporates by reference its responses to paragraphs 1 through 19 contained herein.

**21.** Paragraph 21 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 21 is required. To the extent any factual allegations are contained in paragraph 21 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**22.** Paragraph 22 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 22 is required. To the extent any factual allegations are contained in paragraph 22 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**23.** Paragraph 23 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 23 is required. To the extent any factual allegations are contained in paragraph 23 of the

Cooley Godward Kronish LLP
Attorneys At Law
Palo Alto

804345 v1/PA

7.

Answer of Defendant NBME to Plaintiff's First Amended Complaint
Case No. CV 09-02932 PA (CWx)

1  First Amended Complaint, the NBME denies each and every allegation contained
2  therein.

3      **24.**    Paragraph 24 of the First Amended Complaint contains legal assertions
4  and conclusions, not factual allegations, and thus no response to paragraph 24 is
5  required. To the extent any factual allegations are contained in paragraph 24 of the
6  First Amended Complaint, the NBME denies each and every allegation contained
7  therein.

8      **25.**    Paragraph 25 of the First Amended Complaint contains legal assertions
9  and conclusions, not factual allegations, and thus no response to paragraph 25 is
10 required. To the extent any factual allegations are contained in paragraph 25 of the
11 First Amended Complaint, the NBME denies each and every allegation contained
12 therein.

13     **26.**    Paragraph 26 of the First Amended Complaint contains legal assertions
14 and conclusions, not factual allegations, and thus no response to paragraph 26 is
15 required. To the extent any factual allegations are contained in paragraph 26 of the
16 First Amended Complaint, the NBME denies each and every allegation contained
17 therein.

18     **27.**    The NBME denies each and every allegation contained in paragraph
19 27 of the First Amended Complaint.

20     **28.**    The NBME admits that successfully passing the USMLE is one of the
21 prerequisites to licensure to practice medicine as an allopathic physician in the
22 United States. Except as so specifically admitted, the NBME denies each and every
23 allegation contained in paragraph 28 of the First Amended Complaint.

24     **29.**    The NBME admits that Plaintiff sought an accommodation of double
25 the standard testing time provided to all other examinees in connection with taking
26 the USMLE Step 2 Clinical Knowledge for the first time in July 2008. The NBME
27 further admits that it has granted accommodations similar to those sought by
28 Plaintiff to other examinees based upon their documented disabilities. The NBME

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA      8.      ANSWER OF DEFENDANT NBME TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

avers that it is Plaintiff's burden to prove that (1) he is disabled and (2) his requested accommodation (double the standard testing time provided to all other examinees) is reasonable. Except as so specifically admitted and averred, the NBME denies each and every allegation contained in paragraph 29 of the First Amended Complaint.

**30.** Paragraph 30 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 30 is required. To the extent any factual allegations are contained in paragraph 30 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**31.** Paragraph 31 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 31 is required. To the extent any factual allegations are contained in paragraph 31 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**32.** Paragraph 32 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 32 is required. To the extent any factual allegations are contained in paragraph 32 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**33.** Paragraph 33 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 33 is required. To the extent any factual allegations are contained in paragraph 33 of the First Amended Complaint, the NBME denies each and every allegation contained therein.

**34.** Paragraph 34 of the First Amended Complaint contains legal assertions and conclusions, not factual allegations, and thus no response to paragraph 34 is required. To the extent any factual allegations are contained in paragraph 34 of the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA

9.

ANSWER OF DEFENDANT NBME TO
PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

1  First Amended Complaint, the NBME denies each and every allegation contained
2  therein.

3      **35.**  The NBME admits that Plaintiff's First Amended Complaint seeks
4  preliminary injunctive relief. Except as so specifically admitted, the NBME denies
5  each and every allegation contained in paragraph 35 of the First Amended
6  Complaint.

7      **36.**  The NBME admits that Plaintiff's First Amended Complaint seeks
8  permanent injunctive relief. Except as so specifically admitted, the NBME denies
9  each and every allegation contained in paragraph 36 of the First Amended
10 Complaint.

## COUNT II - REQUEST FOR ATTORNEY'S FEES

12     **37.**  The NBME hereby incorporates by reference its responses to
13 paragraphs 1 through 36 contained herein.

14     **38.**  Paragraph 38 of the First Amended Complaint contains legal assertions
15 and conclusions, not factual allegations, and thus no response to paragraph 38 is
16 required. To the extent any factual allegations are contained in paragraph 38 of the
17 First Amended Complaint, the NBME denies each and every allegation contained
18 therein.

## AFFIRMATIVE DEFENSES

20 As and for separate affirmative defenses, the NBME alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

23     **1.**  Plaintiff's First Amended Complaint, and every cause of action
24 therein, fails to state facts sufficient to constitute a cause of action upon which relief
25 may be granted.

26 //
27 //
28 //

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2. Each and every cause of action in the First Amended Complaint is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Justification)

3. The Defendant was justified in doing any and all of the acts alleged in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Mitigation)

4. Plaintiff's demand for damages is barred or reduced by his failure to mitigate his alleged damages.

The Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. The Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses are applicable.

//
//
//
//
//
//
//
//
//
//
//

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA

11.

ANSWER OF DEFENDANT NBME TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)

## PRAYER

Wherefore, the Defendant prays as follows:

1. That Plaintiff take nothing by reason of his First Amended Complaint;

2. That judgment be entered thereon in favor the Defendant;

3. That the Court award the Defendant its costs incurred in defense of this action, including attorneys' fees; and

4. That the Court grant such other relief as it may deem proper.

Dated: October 29, 2009

COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)

/S/
GREGORY C. TENHOFF (154553)
Attorneys for the Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

804345 v1/PA

12.

ANSWER OF DEFENDANT NBME TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CASE NO. CV 09-02932 PA (CWx)