Vincent E. Nowak, Texas State Bar No. 15121550
MULLIN HOARD & BROWN, LLP
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

Alisa M. Morgenthaler, State Bar No. 146940
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 282-6287
Facsimile: (310) 556-2920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>    Defendant. | Case No. CV 09-2932 PA (CWx)<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: April 6, 2010 |

To the Honorable United States District Court Judge:

     Plaintiff, Druvi Jayatilaka (Jayatilaka), by the undersigned counsel, files his Memorandum of Contentions of Law and Fact pursuant to Local Rule 16-4 and the Court's Amended Scheduling Order, and respectfully states the following:

    (a)    Plaintiff plans to pursue the following claims against the following defendant:

        Claim 1:    Defendant National Board of Medical Examiners violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
        Claim 2:    Request for Attorneys Fees under 42 U.S.C. § 12188(a)(1).

(b) The elements required to establish Plaintiff's claims are:

<u>Claim 1, Element 1:</u>

The first element of the ADA claim that the plaintiff must prove is that the plaintiff has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include any mental or psychological disorder such as learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

(1) the nature and severity of the impairment;

(2) the duration or expected duration of the impairment; and

(3) the permanent or long-term impact of the impairment.

<u>Claim 1, Element 2:</u>

The second element of the ADA claim that the plaintiff must prove is that the plaintiff is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the examination that such individual takes or desires to take. The individual must satisfy the requisite experience, education, and other medical licensing-related requirements to take the examination.

<u>Claim 1, Element 3:</u>

To establish the defendant's duty to provide a reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1. the plaintiff requested of the defendant an accommodation due to a disability.

and

2. the defendant could have made a reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the testing procedure.

Under the ADA, accommodations by the defendant may include, but are not limited to:

(1) lengthening the time permitted for completing the examination, or

(2) other similar accommodations for individuals with plaintiff's disabilities.

It is for you to determine whether the accommodations requested by the plaintiff are reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of the examination, shifting any of the essential functions of the subject examination to others, or creating a new examination for the disabled party.

Claim 1, Element 4:

A defendant is not required to provide an accommodation that will impose an undue hardship on the operation of the defendant's business.

The term undue hardship means an action requiring significant difficulty or expense. It takes into account the financial realities of the particular defendant and refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business.

The factors to be considered in deciding whether an accommodation would cause undue hardship include:

> (1) the nature and net cost of the accommodation, accounting for tax credits or deductions and other outside funding;
>
> (2) the overall financial resources of the defendant's facility involved in the provision of the reasonable accommodation, the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility; and
>
> (7) the overall impact of the proposed accommodation on the operation of the defendant's facilities, including the impact on other examinees and the ability to conduct business.

*See* The Manual of Model Civil Jury Instructions for the Ninth Circuit, 12.2, 6, 8, 9 (2007).

Claim 2, Element 1:

4. U.S.C. § 12188(a)(1) incorporates the remedies set forth in 42 U.S.C. § 2000a-3(a).

Claim 2, Element 2:

42 U.S.C. § 2000a-3(a) remedies include the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing a claim under the ADA.

Claim 2, Element 3:

Plaintiff prevails on its ADA claim.

(c)   In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 1, Element 1:  Testimony of Plaintiff regarding his background, onset of his disability and impairment, and the continuing effect of his disability. Testimony of Dr. Dushenko regarding his evaluation of Plaintiff and his disagnosis of Plaintiff's impairment. Also, use of Plaintiff's Exhibits 1 - 6 to support the above testimony.

Claim 1, Element 2:  Testimony of Plaintiff regarding his background, onset of his disability and impairment, and the continuing effect of his disability. Testimony of Dr. Dushenko regarding his evaluation of Plaintiff and his disagnosis of Plaintiff's impairment. Also, use of Plaintiff's Exhibits 1 - 6 to support the above testimony.

Claim 1, Element 3:  Testimony of Plaintiff regarding his correspondence with Defendant, his request for accommodations and the denial of requested accommodations. The use of Plaintiff's Exhibits 7 - 13 showing his request and the subsequent denial by Defendant.

Claim 1, Element 4:  Testimony of Plaintiff regarding his correspondence with Defendant, his request for accommodations and the denial of requested accommodations. The use of Plaintiff's Exhibits 7 - 13 showing his request and the subsequent denial.

Claim 2, Element 1:  This is a matter of law.

Claim 2, Element 2:  This is a matter of law.

Claim 2, Element 3:  This will be decided by the Judge and the final trial upon the merits.

(d)   Defendant plans to pursue the following counterclaims and affirmative defenses:

Defendant is not pursing any counterclaims or affirmative defenses.

(e) The elements required to establish Defendant's counterclaims and affirmative defenses are:

Not Applicable

(f) In brief, the key evidence Plaintiff will rely on in opposition to each counterclaim and affirmative defense is:

Not Applicable.

(g) There are no third parties in this suit.

(h) Plaintiff anticipates the following evidentiary issues:

(1) Whether Plaintiff has a disability and is a qualified individual as defined under the ADA. It is Plaintiff's position that the testimony of Jayatilaka and Duskenko will establish that Plaintiff has a Cognitive Learning Disability N.O.C. and is a qualified individual under the ADA.

(2) Whether the accommodations requested by Plaintiff are reasonable. It is Plaintiff's position that the testimony of Jayatilaka and Duskenko will establish that double the standard time on such an examination is a reasonable accommodation and appropriate given Jayatilaka's disability.

(3) Whether the accommodations requested would place an undue hardship on the Defendant. It is Plaintiff's position that the testimony of Jayatilaka and Duskenko will establish that allowing Plaintiff double the standard time on the exam will not place a hardship on Defendant.

(i)     Plaintiff identifies the issues of law which are germane to the case:

Whether Plaintiff is entitled to recover attorney's fees. It is Plaintiff's position that 4. U.S.C. § 12188(a)(1) incorporates the remedies set forth in 42 U.S.C. § 2000a-3(a), including the right to recovery of reasonable attorney's fees, and costs and expenses incurred in bringing a claim under the ADA. Therefore, if Plaintiff is successful on his ADA claim, he is entitled to recover attorney's fees, costs, and expenses.

Dated: February 19, 2010.

>Vincent E. Nowak, Esq.
>MULLIN HOARD & BROWN, LLP
>P.O. Box 31656
>Amarillo, TX  79120-1656
>E-mail: venowak@mhba.com
>
>Alisa M. Morgenthaler, Esq.
>GLASER, WEIL, FINK, JACOBS
>  HOWARD & SHAPIRO, LLP
>10250 Constellation Boulevard, 19th Floor
>Los Angeles, California 90067
>E-mail: amorgenthaler@glaserweil.com
>
>
>MULLIN HOARD & BROWN, LLP
>
>By: /s/ Vincent e. Nowak
>    Vincent E. Nowak
>Attorneys for Plaintiff
>Druvi Jayatilaka

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California 90067.

On February 19, 2010, at the direction of a member of the Bar of this Court, I served the document described below:

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Gregory C. Tenhoff, Esq.
Cooley, Godward, Kronish, LLP
5 Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000
(650) 857-0663 (fax)

[X]   (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Amarillo, Texas. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 19th day of February, 2010, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Erika Barbour*
ERIKA BARBOUR