COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
(gtenhoff@cooley.com)
WENDY J. BRENNER (198608)
(wbrenner@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto,  CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:   (650) 857-0663

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

MULLIN HOARD & BROWN, LLP
JOHN M. BROWN (87985)
(jmb@mhba.com)
VINCENT E. NOWAK (*pro hac vice*)
(venowak@mhba.com)
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile:  (806) 372-5086

Attorneys for Plaintiff
DRUVI JAYATILAKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>                    Defendant. | Case No.  CV 09-02932 PA (CWx)<br><br>**DEFENDANT NBME'S JOINT MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFF FROM OFFERING FURTHER EXPERT TESTIMONY AT TRIAL  AND DESIGNATING EXPERTS**<br><br>Date:       March 29, 2010<br>Time:       1:30 p.m.<br>Judge:      Hon. Percy Anderson<br>Trial Date: April 6, 2010 |

{8070\00\00153685.DOC / 1}
807716/PA

# TABLE OF CONTENTS

**PAGE**

I.      INTRODUCTION ............................................................................ 1

II.     DEFENDANT NBME'S OPENING ARGUMENT ..................................... 2

    A.   Factual and Procedural Background ...................................... 2

    B.   Further Testimony From Drs. Dushenko and Levine Should Be Prohibited ....................................................................... 3

    C.   Jayatilaka Cannot Now Designate Any New Experts or Offer Any Additional Expert Testimony at Trial ............................. 4

III.    PLAINTIFF'S ARGUMENT IN OPPOSITION ...................................... 5

    A.   Introduction .................................................................... 5

    B.   Argument ........................................................................ 5

        1.   Jayatilaka Complied with his Rule 26 Disclosure Obligations ................................................................ 5

        2.   Any Error that Might Exist in Jayatilaka's Designation is Harmless ................................................................ 9

    C.   Motion in the Alternative for Leave to Designate Dushenko and Levine as Experts Under Fed .......................................... 10

    D.   Conclusion .................................................................... 11

IV.     DEFENDANT'S ARGUMENT IN REPLY ............................................ 12

    A.   Jayatilaka Violated the Federal Rules of Civil Procedure and the Scheduling Order .......................................................... 12

    B.   The NBME Will Suffer Prejudice If Jayatilaka's Experts Are Allowed To Testify To New Matters Not Previously Disclosed ........ 14

    C.   Jayatilaka Should Not Be Allowed To Designate Expert Witnesses At This Late Date ............................................... 14

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

i.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

1

**TABLE OF AUTHORITIES**

2

**PAGE**

3

**CASES**

4

5

*Barrett v. Atlantic Richfield Co.,*
  95 F.3d 375 (5th Cir. 1996) .................................................................. 12

6

*California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.,*
  298 F. Supp. 2d 930 (E.D. Cal. 2003) ..................................................... 9

7

8

9

*Crump v. Versa Products, Inc.,*
  400 F.3d 1104 (8th Cir. 2005) .................................................... 8, 13, 14

10

*EMI Music Marketing v. Avatar Records Inc.,*
  334 F. Supp. 2d 442 (S.D.N.Y. 2004) ..................................................... 8

11

12

*Estate of Gonzalez v. Hickman,*
  2007 WL 3237635 (C.D. Cal. 2007) ..................................................... 10

13

14

*McKesson Information Solutions, Inc. v. Bridge Medical, Inc.,*
  434 F. Supp. 2d 810 (E.D. Cal. 2006) ............................................... 8, 13

15

16

*Muldrow v. Re-Direct, Inc.,*
  493 F.3d 160 (D.C. Cir 2007) ................................................................. 8

17

18

*Weiland v. Linear Constr., Ltd.,*
  2002 U.S. Dist LEXIS 19557 (N.D. Ill. 2002) ................................... 7, 13

19

20

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
  259 F.3d 1101 (9th Cir. 2001) ................................................................ 9

21

**STATUTES**

22

23

42 U.S.C. § 12101 .................................................................................... 2

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

ii.

**DEF'S MOTION IN LIMINE NO. 1**
**CV 09-02932 PA (CWx)**

1

2

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**PAGE**

3

**OTHER AUTHORITIES**

4

Federal Rule of Civil Procedure

5     26 ...................................................................................................................... passim

6     26(a) ................................................................................................................................ 2

    26(a)(1) ......................................................................................................................... 12

7     26(a)(2)(A) ................................................................................................................... 12

    26(a)(2)(B) ............................................................................................................. passim

8     26(e) .............................................................................................................................. 7

9     26(e)(1) ........................................................................................................................... 7

    37 .................................................................................................................................... 5

10     37(c) ............................................................................................................................... 8

11     37(c)(1) ........................................................................................................................... 8

    269(a)(2)(B) ................................................................................................................... 8

12

13 Federal Rule of Evidence 702, 703 ....................................................................................... 12

14 Local Rules 6–1 and 7–3 ......................................................................................................... 1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

## I.   INTRODUCTION

Pursuant to Local Rules 6–1 and 7–3, and this Court's August 3, 2009 Amended Scheduling Order, the parties have met and conferred and hereby submit Defendant NBME's Joint Motion in Limine No. 1 to Preclude Plaintiff from Offering Further Expert Testimony at Trial and Designating Experts.   Defendant National Board of Medical Examiners ("NBME") respectfully moves this Court for an order: (1) precluding Plaintiff Druvi Jayatilaka ("Jayatilaka") from offering further testimony from Drs. Terrance Dushenko or Andrew Levine at trial (whether by way of declaration or live testimony), although the NBME is willing to agree that evidence from these witnesses may be offered by either party by way of their prior deposition testimony, Dr. Dushenko's December 2008 affidavit, and the May 21, 2008 report of the psychological evaluation and neuropsychological testing conducted of Jayatilaka by Drs. Dushenko and Levine;[1] and (2) precluding Jayatilaka from designating any other expert or attempting to offer any other expert testimony at trial.

This Motion is made pursuant to this Court's August 3, 2009 Amended Scheduling Order, which required all parties to designate experts pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than eight weeks prior to the discovery cutoff date, or November 30, 2009.

//

//

//

//

---

[1] Based on representations from Jayatilaka's counsel, the NBME believes that Jayatilaka seeks only to call Dr. Dushenko as a testifying expert.   Dr. Levine's testimony will be admitted through deposition designations.   Nonetheless, Defendant NBME seeks an order precluding either Dr. Dushenko or Dr. Levine from testifying further at trial as an expert, whether by way of declaration or live testimony.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

1.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

## II.   DEFENDANT NBME'S OPENING ARGUMENT

### A.    Factual and Procedural Background

One of the central issues in this case is whether Jayatilaka has a disability under the Americans with Disabilities Act (the "ADA").    Under the ADA, Jayatilaka must show that he has a physical or mental impairment, and that this physical or mental impairment substantially limits him in a major life activity as compared to most people in the general population.  42 U.S.C. § 12101.  Proof of such a disability may involve evidence such as neuropsychological test results and the interpretation of such results by qualified experts in the relevant field.

As part of his request for double-time accommodations on the United States Medical Licensing Examination (the "USMLE"), which is developed and administered by the NBME, Jayatilaka submitted a written report dated May 21, 2008 from Drs. Dushenko and Levine which summarized a psychological evaluation, and the results of neuropsychological tests administered to Jayatilaka by Dr. Levine, in April and May 2008 (the "May 21, 2008 Report").   Jayatilaka subsequently submitted an affidavit to the NBME from Dr. Dushenko in December 2008. The NBME (in consultation with its experts) relied in part upon the May 21, 2008 report, and Dr. Dushenko's December 2008 affidavit, when it decided to deny Jayatilaka's request for accommodations on the USMLE prior to the initiation of this litigation.

After this litigation was commenced, both Drs. Dushenko and Levine were identified as witnesses on Jayatilaka's initial disclosures under FRCP 26(a). Accordingly, the NBME took the depositions of both individuals during the fact discovery phase of this case and each testified about their opinions as to Jayatilaka (as expressed in their May 21, 2008 Report and otherwise) and the bases for these opinions.  Further, the NBME's expert witnesses have relied upon the May 21, 2008 Report,  Dr. Dushenko's December 2008 affidavit, and the deposition

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

2.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

1  testimony of Drs. Dushenko and Levine, in developing their own expert opinions in
2  this case.

3      Thus, given their relevance to this case, the NBME does not seek to exclude
4  the May 21, 2008 Report, Dr. Dushenko's December 2008 affidavit, or the
5  deposition testimony of Drs. Dushenko and Levine.

6      Pursuant to this Court's August 3, 2009 Amended Scheduling Order
7  ("Scheduling Order"), the parties were required to "designate experts to be called at
8  trial and provide reports required by Fed. R. Civ. Proc. 26(a)(2)(B), not later than
9  eight weeks prior to the discovery cutoff date." (dkt. no. 28.)  Discovery in this case
10  was cut-off as of January 25, 2010.  (*Id.*)  Thus, the parties were required to
11  designate experts and provide expert reports no later than November 30, 2009.  To
12  date, Jayatilaka has never designated any experts he intends to call at trial and has
13  failed to provide any expert reports to the NBME.  Jayatilaka did not identify either
14  Drs. Dushenko or Levine as expert witnesses for trial.

15
16
   **B.     Further Testimony From Drs. Dushenko and Levine Should Be Prohibited.**

17      This Court's Scheduling Order already states that a party's failure to
18  designate experts according to the Court's Order precludes using the expert at trial.
19  (*Id.* ("Failure to timely comply with this deadline may result in the expert being
20  excluded at trial as a witness.").)

21      To date, Jayatilaka has failed to designate any experts or provide any expert
22  reports to the NBME.  This is not a situation where Jayatilaka missed the deadline
23  by a few days.  Rather, Jayatilaka is over two months late in designating his experts
24  and discovery in this case has closed.  Jayatilaka's failure to abide by this Court's
25  Scheduling Order is more unjustifiable as he was put on further notice of the
26  requirement to exchange expert information by the NBME's own timely exchange
27  of expert disclosure and reports on November 30, 2009, in accordance with the
28  Scheduling Order.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

3.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

The NBME has had the opportunity to depose both Drs. Dushenko and Levine, and to review the May 21, 2008 Report of Jayatilaka that they jointly drafted prior to the initiation of this litigation.  Thus, the NBME anticipates that Jayatilaka will argue that there is no prejudice to the NBME by allowing these experts to testify further at trial.

But there is prejudice to the NBME if these experts are allowed to testify further at trial.  If Jayatilaka is allowed to offer additional testimony from Drs. Dushenko and Levine, particularly testimony that is in addition to, or inconsistent with, their May 21, 2008 Report or their deposition testimony, then the NBME will be highly prejudiced since it will not have had any chance to depose these experts on their additional opinions and the bases of these opinions, or to assemble evidence to contradict or impeach their trial testimony.  The Federal Rules of Civil Procedure, local rules, and this Court's Orders provide the framework in which these parties must litigate this dispute.  These rules serve an important purpose in facilitating the timely exchange of information so that each party has the same opportunity to evaluate the case and properly prepare for trial; they should be upheld.

### C.   Jayatilaka Cannot Now Designate Any New Experts or Offer Any Additional Expert Testimony at Trial.

Given that Jayatilaka did not identify any experts as required by this Court's Order, he cannot now attempt to identify or present any testimony from experts other than Drs. Dushenko and Levine.  Such a late identification would be highly prejudicial to the NBME since the NBME would not have had any chance at all to conduct the necessary pretrial discovery.

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto

{8070\00\00153685.DOC / 1}
807716/PA

4.

Def's Motion in Limine No. 1
CV 09-02932 PA (CWx)

**III.    PLAINTIFF'S ARGUMENT IN OPPOSITION**

> **A.    Introduction**

Rather than prepare to cross-examine Plaintiff Jayatilaka's witnesses and have this case tried on the merits, Defendant National Board of Medical Examiners ("NBME") attempts a form-over-substance motion of unfair prejudice to NBME that would justify the exclusion from trial of two witnesses previously disclosed and identified by Jayatilaka.  Further, the witnesses NBME seeks to exclude from trial were disclosed numerous times, in various ways, throughout discovery, including identification, production of reports and files, and depositions.  NBME should not be heard to complain that Jayatilaka has selected those witnesses to testify at trial.  Accordingly, NBME's Motion in Limine should be denied.

> **B.    Argument**

NBME asserts that (1) Terrance Dushenko, PhD and (2) Andrew Levine, PhD, both of which are identified on Jayatilaka's disclosures and witness list with a general description of each witness' testimony, should be precluded from testifying during the trial in this action.  NBME contends that the requested preclusion is appropriate under Fed. R. Civ. P. 26 and 37 because neither of these witnesses was listed on a specific document entitled "Expert Designation."  In so alleging, NBME attempts to convince the Court that Jayatilaka did not comply with its disclosure obligations under Fed. R. Civ. P. 26.  Jayatilaka, however, fully complied with its disclosure obligations, and actually made such disclosures well before any deadline was set.  NBME was also well aware of the relevance of each of the challenged witnesses to this action.  The current situation is not a "trial by ambush" and NBME's motion should be denied.

> **1.    Jayatilaka Complied with his Rule 26 Disclosure Obligations**

Fed. R. Civ. P. 26 mandates disclosure of multiple items, including expert witnesses.  This Court set a final deadline of expert disclosures for five weeks prior to the discovery cut-off date, equating to November 30, 2009.  Well before this

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

5.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

time, Jayatilaka had fully disclosed both Dushenko and Levine as expert witnesses and provided their signed report as required under the rule.  Specifically, Jayatilaka originally identified both experts and included their reports in his initial letter to NBME requesting accommodations on July 14, 2008.  NBME acknowledged receipt of these documents in a letter dated July 21, 2008 and acknowledged a detailed review of the reports in a letter denying accommodations dated September 16, 2008.  Jayatilaka first identified these experts through his counsel of record on December 22, 2008, included Dushenko's affidavit, and again attached his evaluation of Jayatilaka.  NBME specifically confirmed the receipt of the affidavit and evaluation in an email to Jayatilaka's counsel on December 23, 2008 and again in a letter dated February 12, 2009.  On July 13, 2009, Jayatilaka returned to NBME the signature page to the *NBME prepared* Joint Scheduling Conference which clearly and unequivocally set out the experts for each party, including Dushenko and Levine.  Jayatilaka served his initial disclosure statement on July 16, 2009 specifically listing Dushenko and Levine to give testimony regarding the "nature and extent of Plaintiff's disability, the basis for requested accommodations."  Attached to the disclosures were the signed reports bates numbered DJ0001 through DJ0097.  Jayatilaka's First Amended Disclosure Statement was served on July 21, 2009, again listing both experts as detailed above and referring to the previously produced bates numbered documents DJ0001 through DJ0097.  NBME then subpoenaed each expert independently.  On August 7, 2009, the NMBE forwarded a copy of the evaluations and scores it received under the subpoenas sent to Dushenko and Levine.  The NBME, following the evaluations, also received the complete files of Dushenko and Levine, and forwarded those to Jayatilaka on August 28, 2009.  Jayatilaka received a copy of Dushenko's ordered MRIs from NMBE on September 11, 2009.  Having had ample notice of Jayatilaka's intent to call Dushenko and Levine as expert witnesses and time to review their entire files, NBME noticed their depositions on September 22,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

6.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

2009.  Levine was deposed on October 7, 2009; Dushenko on October 8, 2009.
Finally, on November 19, 2009, NBME produced expert reports of Nancy
Nussbaum and George Litchford which stated they reviewed the evaluation
performed by Dushenko and Levine.

NBME attempts to convince the Court that Jayatilaka should have
supplemented or filed a new document pursuant to Fed. R. Civ. P. 26, dispite the
fact that both expert witnesses were unequivocally identified, with all adjoining
documents as required under the rules, and no new or supplemental information
would have or even could have been included in such filing.  In fact, Fed. R. Civ. P.
26(e)(1) requires supplementation of a party's initial disclosures only "if the party
learns in some material respect the information is incomplete or incorrect *and if the
additional or corrective information has not otherwise been made known to the
other parties during the discovery process or in writing*." (Emphasis Added).
Contrary to NBME's false assertion, the identity and relevance of both challenged
expert witnesses was made known to NBME multiple times throughout this case
and the discovery process as outlined above.  In that situation, the Federal Rules of
Civil Procedure require nothing further from Jayatilaka by way of disclosure.  *See,
e.g., Wetland v. Structural Iron Workers Local No. 1*, 2002 U.S. Dist LEXIS 19557,
*6-*7 (N.D. Ill. 2002) (denying motion to strike witnesses and holding that where
witnesses are disclosed during discovery process, no supplementation obligation
arises under Rule 26(e)).

NBME asserts that Dushenko and Levine should be excluded from testifying.
Both Jayatilaka and NBME identified these men as potential witnesses since the
initial disclosures, including NBME's depositions of both men.  NBME cannot now
complain that it does not have the opportunity to propound discovery to plaintiff or
to the individual witnesses in order to prepare a defense, because that is exactly
what it has done over the past year.  This is not a case, where Jayatilaka is
attempting to use witnesses never made known during discovery.  Rather, NBME

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

7.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

has had clear notice of the existence, relevance, and opinions of each of the challenged experts.  Jayatilaka has fully complied with its obligations under Rule 26.  Accordingly, exclusion of the challenged witnesses is unavailable under Fed. R. Civ. P. 37(c).  *See, e.g., EMI Music Marketing v. Avatar Records Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004).

The purpose of Fed. R. Civ. P. 269(a)(2)(B) is to eliminate unfair surprise to the opposing party.  *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir 2007). It has long been acknowledged that where witnesses are otherwise disclosed in litigation, there is no prejudice in allowing their testimony at trial.  *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810, 813 (E.D. Cal. 2006)(citing to Fed. R. Civ. P. 37(c)(1)).  Under the Federal Rules, other jurisdictions have come to the same conclusion.  For example, in *Crump v. Versa Products, Inc.*, Versa's experts were not specifically designated under Rule 26(a)(2)(b) but their identities, resumes, and reports were made available to Crump early in the litigation.  Also, the experts were each made available for depositions and Crump's own experts clearly reviewed the reports provided by the Versa experts.  400 F.3d 1104, 1110 (8th Cir. 2005).  The Court held that under these facts, Crump could not show prejudice from the way the experts were disclosed.  *Id.* These procedural facts are almost identical to the facts in the present case, with the exception that here NBME actually did take the depositions of both of Jayatilaka's experts.

It has been Jayatilaka's intent from the beginning to rely on Dushenko and Levine as expert witnesses.  They were disclosed multiple times and in multiple ways over the course of the litigation.  NBME has had all required documents from these experts since well before any expert deadline in the Court's scheduling order. Because of this, NBME cannot show any surprise or prejudice to the testimony of either expert.  NBME's Motion in Limine should be denied.

Cooley Godward Kronish LLP
Attorneys At Law
Palo Alto

{8070\00\00153685.DOC / 1}
807716/PA

8.

Def's Motion in Limine No. 1
CV 09-02932 PA (CWx)

### 2.  Any Error that Might Exist in Jayatilaka's Designation is Harmless.

Even if this Court should find that Jayatilaka did not designate Dushenko and Levine as experts under Rule 26, to which Jayatilaka does not concede but argues in the alternative, because of the prior disclosure and production, such error is "harmless" and the Motion in Limine should be denied.

Information which is *not* disclosed is normally excluded unless the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing sanctions has the burden to prove harmlessness. *Id.* at 1107. In that case, the expert reports were not provided to the other side until almost two years following the close of discovery and only twenty-eight days before trial. The Court stated that "[t]o respond to it, plaintiffs would have had to depose [the expert] and prepare to question him at trial." *Id.* Under this situation, the Court held that harmlessness was not proven. However, the facts of the present case differ in those major regards. Identities and reports were disclosed by Jayatilaka well before the discovery period ran. NBME, having knowledge of the identities of Dushenko and Levine, independently subpoenaed and noticed both for depositions. NBME was able to perform complete discovery as to the opinions and basis of both experts' testimonies, and fully did so. They have been denied no aspect of either experts expected testimony and have had ample opportunity to prepare questions at trial. Under the factors considered in *Yeti by Molly*, this Court should deny NBME's Motion because the prior full disclosures and NBME's affirmative use of discovery procedures towards both experts show that any failure to disclose, if so found by the court, is harmless.

The Eastern District of California has come to this same conclusion. In *California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 983-84 (E.D. Cal. 2003), the court noted that exclusion of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

9.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

Interstate's expert was not warranted, even though the company failed to disclose information as required under the Rules, because the Department of Toxic Substances Control had ample opportunity to prepare for the testimony.  This Court found that it was harmless error to specifically disclose computation of damages in a later document when "no additional information could have been provided." *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, *4 (C.D. Cal. 2007).

Jayatilaka has fully disclosed and identified Dushenko and Levine as expert witnesses.  NBME was provided with the signed reports of the experts by Jayatilaka.  NBME subpoenaed both experts for the production of documents and deposed each expert.  Because this information was disclosed during the discovery period, well before any expert designation deadline had passed, and NBME had the time, and in fact used that time, to perform discovery related to the opinions and basis of both experts, any error in designation is harmless.  Therefore, NBME's motion in limine should be denied.

## C.   Motion in the Alternative for Leave to Designate Dushenko and Levine as Experts Under Fed. R. Civ. P. 26(a)(2)(b).

In the alternative, should this court find that Duskenko and Levine were not designated and would not be allowed to testify in such absence, Jayatilaka moves the Court for leave to Designate Dushenko and Levine as Expert Witnesses under Fed. R. Civ. P. 26(a)(2)(b).  Jayatilaka hereby incorporates the above paragraphs as if set out in full.  Because of the full disclosure of Dushenko and Levine's opinions, NBME's ample time to conduct discovery on those opinions, the depositions taken of both men by NBME, and NBME's own experts reviewing the report in order to rebut them, there can be no surprise upon NBME of either expert's opinion or expected testimony.  Also, there is good cause to allow leave to designate, should the Court find it necessary to allow Dushekno and Levine to testify.  There is no malice or gross negligence.  Due to Jayatilkaka's full disclosure of both experts and NBME's actions taken through discovery regarding the experts, it was understood

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

10.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

1   that the experts were designated well before any date imposed by the court.  Also,

2   since the written reports required under 26(a)(2)(b) were also produced well in

3   advance with nothing to supplement, a separate document entitled "Expert

4   Designations" was not considered necessary and would only be included for a

5   "form-over-substance" situation.  If the Court decides such a form is necessary,

6   Jayatilaka prays the Court grant leave to file such designation.

7       **D.    Conclusion**

8       Jayatilaka fully complied with his obligations to disclose expert witnesses to

9   NBME.  As detailed above, the identities and reports of both Dushenko and Levine

10  were repeatedly produced by Jayatilaka to the NBME.  Simply because a document

11  labeled "Expert Designation" was not filed, *containing all of the information*

12  *previously produced by Jayatilaka with no new facts or basis*, does not warrant the

13  exclusion of either expert.  The multiple previous disclosures, and NBME's actions

14  on those disclosures, show that there is no surprise on the part of NBME that these

15  expert witnesses would be called to testify at trial.  With no surprise, the goal of

16  Rule 26 has certainly been met and NBME's Motion in Limine should be denied.

17      In the alternative, should this court find that the experts were not designated

18  under Rule 26, such failure was harmless to NBME because of the multiple prior

19  disclosures, NBME's discovery efforts towards each expert, NBME's time to

20  prepare questioning for trial, and that there was no additional information to be

21  provided.  Because any such failure, while not admitted, would be harmless,

22  NBME's motion should be denied.

23      Should this Court find that the experts were not designated and such form is

24  necessary for them to testify, Jayatilaka prays this court grant him leave to file a

25  Rule 26(a)(2)(b) form.  The filing of such form would not prejudice NBME.

26      WHEREFORE, PREMESIS CONSIDERED, the Court should deny

27  NBME's Motion in Limine to Preclude Expert testimony and allow Dushenko and

28  Levine to testify at trial or grant Jayatilaka leave to designate Dushenko and Levine

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

11.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

1   as experts and allow them to testify at trial.

2   **IV.   DEFENDANT'S ARGUMENT IN REPLY.**

3        Jayatilaka's  characterization of this motion as "form-over-substance" is false

4   and does not correct his violation of both this Court's Scheduling Order and the

5   Federal Rules of Civil Procedure.  If, after failing to designate any expert witnesses,

6   Jayatilaka is permitted to call two expert witnesses for further testimony at trial, it

7   will prejudice the NBME.  The Court has clear discretion to exclude the further

8   testimony at trial of Drs. Levine and Dushenko as expert witnesses.  *Barrett v.*

9   *Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).  If Drs. Levine and

10  Dushenko are allowed to testify as experts, their testimony should be limited to

11  their May 21, 2008 Report and their deposition testimony previously disclosed in

12  this litigation so as not to allow Jayatilaka's procedural violations to prejudice the

13  NBME.

14       Importantly, Jayatilaka does not oppose this motion to the extent it seeks to

15  exclude him from designating or attempting to introduce any additional experts at

16  trial.

17       **A.   Jayatilaka Violated the Federal Rules of Civil Procedure and the
18            Scheduling Order.**

19       It is undisputed that Jayatilaka did not serve an expert witness designation

20  with expert reports.  Jayatilaka nevertheless argues that he fulfilled his requirements

21  under the Federal Rules of Civil Procedure and Scheduling Order by disclosing his

22  experts on other documents, the most recent of which was his general initial

23  disclosures, served in July 2009.  (See Section III.B.1, above.)  However, the Rules

24  expressly state that the expert disclosure requirements are ***in addition to*** the initial

25  disclosure requirements.  Fed. R. Civ. Proc. 26(a)(2)(A) ("In addition to the

26  disclosures required by Rule 26(a)(1), a party must disclose to the other parties the

27  identity of any witness it may use at trial to present evidence under Federal Rule of

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA                                    12.                    **DEF'S MOTION IN LIMINE NO. 1
                                                                    CV 09-02932 PA (CWx)**

1  Evidence 702, 703, or 705.").  Therefore his initial disclosure statement cannot

2  satisfy his separate requirement to appropriately designate experts.

3      Jayatilaka's cited cases also fail to cure his violation.[2]  In fact, *Crump v.*

4  *Versa Products, Inc.*, 400 F.3d 1104 (8th Cir. 2005), the case that Jayatilaka

5  focuses on because its "procedural facts are almost identical to" the facts here,

6  actually is consistent with the relief sought by the NBME in this motion.  In *Crump*,

7  the trial court admitted **video testimony from a previous lawsuit** of two of the

8  defendant's rebuttal experts who had not been designated on an expert witness

9  disclosure.  *Id.* at 1110.  In reviewing the evidentiary ruling for abuse of discretion,

10  the *Crump* court found that there was no prejudice from the inadequate disclosure

11  because, among other things, the plaintiff had reviewed and possessed before trial

12  the test results, reports, videos and depositions of the two experts, and there could

13  be no surprise with the admission of this evidence.  *Id.*  Thus, the *Crump* court

14  affirmed the admission of the video testimony and testing.  *Id.*

15      Similarly here, the NBME makes this motion to allow previously-disclosed

16  evidence but to avoid surprise that would be created if Jayatilaka were permitted to

17  call expert witnesses to testify to matters not properly disclosed in this litigation.

18  As provided above, the NBME **does not seek to exclude** the deposition testimony

19  or the May 21, 2008 Report of Drs. Levine and Dushenko.  The NBME has had

20  access to such evidence, just as the plaintiff had access to the video testimony

21  admitted in *Crump*, and the NBME is not claiming that it would be prejudiced by

22  admission of that evidence.  Rather, by this motion, the NBME seeks a Court order

23  ensuring that Jayatilaka cannot use his failure to abide by the Rules of Civil

24  Procedure and Scheduling Order to surprise the NBME with additional evidence or

25  _____

26  [2] Notably, some of the key cases relied upon by Jayatilaka in his opposition are not
relevant here because they relate to non-expert witnesses and non-expert initial

27  disclosures.  *See McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434
F. Supp. 2d 810 (E.D. Cal. 2006); *Weiland v. Linear Constr., Ltd.*, 2002 U.S. Dist.

28  LEXIS 19557 (N.D. Ill. 2002).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

13.

**DEF'S MOTION IN LIMINE NO. 1**
**CV 09-02932 PA (CWx)**

testimony not properly disclosed.  Admitting only the May 21, 2008 Report and deposition testimony, like the video testimony and testing in *Crump*, and disallowing Drs. Levine and Dushenko from testifying at trial, will prevent surprise or prejudice to the NBME.

### B.  The NBME Will Suffer Prejudice If Jayatilaka's Experts Are Allowed To Testify To New Matters Not Previously Disclosed.

Jayatilaka further argues that to the extent he failed to properly disclose his experts, the error is harmless and should be excused.  But the error is not harmless if Jayatilaka attempts to introduce previously undisclosed evidence at trial.  That is, there is prejudice to the NBME if Drs. Levine and Dushenko are allowed to testify further at trial and offer testimony that is in addition to, or inconsistent with, their May 21, 2008 Report or their deposition testimony.  In that case, the NBME will not have had any chance to depose these experts on their additional opinions and the bases for these opinions, or to assemble evidence to contradict or impeach their trial testimony.  For this reason, the NBME requests that this Court expressly order that their testimony is limited to the issues previously disclosed in this litigation – their deposition testimony and their May 21, 2008 Report.

### C.  Jayatilaka Should Not Be Allowed To Designate Expert Witnesses At This Late Date.

Finally, Jayatilaka's contention that he can cure his procedural defects by now designating experts is incorrect.  If Jayatilaka is allowed to designate experts at this late date (when such designations and reports were due to be served in November 2009), Jayatilaka can raise new issues and the NBME will have inadequate time to conduct discovery or assemble evidence to contradict them. Jayatilaka should not be allowed to use his failure to meet undisputed discovery deadlines to introduce new evidence or unfairly surprise the NBME on the eve of trial.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

14.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:   March 1, 2010

COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
WENDY J. BRENNER (198608)


/S/
_____
GREGORY C. TENHOFF (154553)
Attorneys for the Defendant
NATIONAL BOARD OF MEDICAL
EXAMINERS

Dated:   March 1, 2010

MULLIN HOARD & BROWN, LLP
JOHN M. BROWN (87985)
VINCENT E. NOWAK (*pro hac vice*)


/S/
_____
VINCENT E. NOWAK
Attorneys for the Plaintiff
DRUVI JAYATILAKA

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

{8070\00\00153685.DOC / 1}
807716/PA

15.

DEF'S MOTION IN LIMINE NO. 1
CV 09-02932 PA (CWx)