COOLEY GODWARD KRONISH LLP
GREGORY C. TENHOFF (154553)
(gtenhoff@cooley.com)
WENDY J. BRENNER (198608)
(wbrenner@cooley.com)
Five Palo Alto Square, 4th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendant
NATIONAL BOARD OF MEDICAL EXAMINERS

MULLIN HOARD & BROWN, LLP
JOHN M. BROWN (87985)
(jmb@mhba.com)
VINCENT E. NOWAK (*pro hac vice*)
(venowak@mhba.com)
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

Attorneys for Plaintiff
DRUVI JAYATILAKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>        Defendant. | Case No. CV 09-02932 PA (CWx)<br><br>**DEFENDANT NBME'S JOINT MOTION IN LIMINE NO. 2 TO EXCLUDE LAY OPINION TESTIMONY**<br><br>Date: March 29, 2010<br>Time: 1:30 p.m.<br>Judge: Hon. Percy Anderson<br>Trial Date: April 6, 2010 |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN

DEF'S MOTION IN LIMINE NO. 2
CV 09-02932 PA (CWx)

1

**TABLE OF CONTENTS**

2

PAGE

3  I.      INTRODUCTION.................................................................................1

4  II.     FACTS AND PROCEDURAL BACKGROUND..........................................1

       A.    Defendant's Statement of Facts ..............................................1

5  III.    ARGUMENT ....................................................................................2

6      A.    Defendant's Opening Arguments ...........................................2

7           1.    Dr. Jayatilaka's Lay Opinion Testimony is Inadmissible
                  Under FRE 701 to Prove Whether Mr. Jayatilaka Has A
8                 Mental Impairment or Is Substantially Limited in a Major
                  Life Activity.............................................................3

9           2.    Dr. Jayatilaka's Speculative Lay Opinion Testimony
                  Should Also Be Excluded As Irrelevant and Prejudicial ..........5

10     B.    Plaintiff's Opposition Arguments ...........................................6

11     C.    Defendant's Reply Arguments.................................................7

12          1.    Plaintiff Agrees That The NBME's Standard Regarding
                  Admissibility Of His Father's Testimony Is Accurate.............7

13          2.    The Only Testimony Anticipated From Dr. Jayatilaka Is
                  Inadmissible Lay Opinion Testimony ..............................7

14          3.    Dr. Jayatilaka's Lay Opinion Testimony Will Present An
                  Undue Waste of Time..................................................9
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN                                        i.                    DEF'S MOTION IN LIMINE NO. 2
                                                                       CV 09-02932 PA (CWx)

# TABLE OF AUTHORITIES

PAGE

## CASES

*EEOC v. Agro Distribution LLC*,
    555 F.3d 462 (5th Cir. 2009) ................................................................ 4

*Love v. Law School Admission Council, Inc.*,
    513 F. Supp. 2d 206 (E.D. Penn. 2007) ............................................. 3, 8

*Price v. Nat'l Bd. of Med. Exam'rs*,
    966 F. Supp. 419 (S.D.W.Va. 1997) .................................................... 2

*United States v. Figueroa-Lopez*,
    125 F.3d 1241 (9th Cir. 1997) .............................................................. 3

*United States v. Peoples*,
    250 F.3d 630 (8th Cir. 2001) ............................................................... 3

*Wong v. Regents of the Univ. of Cal.*,
    410 F.3d 1052 (9th Cir. 2005) .............................................................. 2

## STATUTES

42 U.S.C. § 12101 ...................................................................................... 2, 5

## OTHER AUTHORITIES

28 C.F.R. § 35.104(a)(i)(B) ............................................................................ 3

Local Rules 6–1 and 7–3 ................................................................................ 1

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN

ii.

DEF'S MOTION IN LIMINE NO. 2
CV 09-02932 PA (CWx)

1   Pursuant to Local Rules 6–1 and 7–3, and this Court's August 3, 2009
2   Scheduling Order, the parties have met and conferred and submit Defendant
3   NBME's Joint Motion in Limine No. 2 to Exclude Lay Opinion Testimony From
4   Dr. George Jayatilaka.   Defendant National Board of Medical Examiners
5   ("NBME") respectfully moves this Court for an order precluding the admission of
6   improper lay opinion testimony from Dr. George Jayatilaka ("Dr. Jayatilaka")
7   pursuant to Federal Rules of Evidence ("FRE") 701, 401, and 403.

8   ## I.   INTRODUCTION

9   The NBME anticipates that Plaintiff intends to call his father, Dr. George
10  Jayatilaka, to offer his lay opinion regarding the extent and scope of Plaintiff's
11  alleged disabilities.  Dr. Jayatilaka's testimony is improper lay opinion under FRE
12  701 because it will be unhelpful to the Court as the trier of fact.   In addition,
13  because Plaintiff's father is a doctor, there is a heightened concern that Dr.
14  Jayatilaka will offer lay opinion based upon specialized knowledge in violation of
15  FRE 701.  Further, Dr. Jayatilaka has not been designated as an expert under FRE
16  702 so he is also precluded from offering expert opinion.   Finally, allowing Dr.
17  Jayatilaka to offer speculative testimony as to his observations of Plaintiff's alleged
18  disabilities is irrelevant and an undue waste of time under FRE 401 and 403.

19  ## II.   FACTS AND PROCEDURAL BACKGROUND

20  ### A.   Defendant's Statement of Facts

21  Plaintiff Druvi Jayatilaka's lawsuit seeks injunctive relief under the
22  Americans with Disabilities Act ("ADA") that would require the NBME to provide
23  him double-time accommodations on the United States Medical Licensing
24  Examination (the "USMLE") Step 2 Clinical Knowledge ("CK"), which is
25  developed and administered by the NBME.  Medical licensure in the United States
26  requires, among other things, successful completion of all three parts, or "steps," of
27  the USMLE.  Jayatilaka passed Step 1 of the USMLE on his fifth attempt without
28  any accommodations.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN                                    1.                        DEF'S MOTION IN LIMINE NO. 2
                                                                       CV 09-02932 PA (CWx)

1    Jayatilaka requested an accommodation from the NBME under the ADA for

2    the USMLE Step 2 CK for the first time on July 14, 2008.  In support of his

3    accommodation request, Jayatilaka submitted a written report from Drs. Terrance

4    Dushenko and Andrew Levine, which summarized a psychological evaluation, and

5    the results of neuropsychological tests administered to Jayatilaka by Dr. Levine, in

6    April and May 2008 (the "May 21, 2008 Report").  His doctors' report did not

7    contain any clinical diagnosis of a mental impairment whatsoever.

8    The NBME conducted a thorough review, including consultation with an

9    outside expert, of all of the information and materials submitted by Jayatilaka in

10   support of his accommodation request.  The NBME denied his request because

11   Plaintiff failed to establish that he has a disability as defined by the ADA.

12   Jayatilaka subsequently requested that the NBME reconsider its decision.  In

13   support of his request for reconsideration, Plaintiff resubmitted the May 21, 2008

14   Report, and also submitted an affidavit from Dr. Dushenko in December 2008,

15   which listed a diagnosis of Cognitive Disorder Not Otherwise Specified

16   ("CDNOS") for the first time.  The NBME again conducted a thorough review of

17   all the information submitted, including consulting with another outside expert, and

18   denied Plaintiff's request for accommodation.  This lawsuit ensued.

19   **III.  ARGUMENT**

20         **A.    Defendant's Opening Arguments**

21         In order to qualify for an accommodation, Mr. Jayatilaka bears the burden of

22   proof to establish that he is disabled under the ADA.  *Wong v. Regents of the Univ.*

23   *of Cal.*, 410 F.3d 1052, 1063 (9th Cir. 2005).  To meet his burden, Mr. Jayatilaka

24   must establish that he has "[a] physical or mental impairment that substantially

25   limits one or more major life activities." 42 U.S.C. § 12101.  This definition has

26   two prongs.   First, Jayatilaka must show that he has a physical or mental

27   impairment. *Price v. Nat'l Bd. of Med. Exam'rs*, 966 F. Supp. 419, 427 (S.D.W.Va.

28   1997).  Second, he must prove that his impairment substantially limits him in a

major life activity as compared to the average person in the general population.  28 CFR pt. 36 (1996) (A person is substantially limited "when the individual's important life activities are restricted as to the conditions, manner or duration under which they can be performed *in comparison to most people*").

### 1.   Dr. Jayatilaka's Lay Opinion Testimony is Inadmissible Under FRE 701 to Prove Whether Mr. Jayatilaka Has A Mental Impairment or Is Substantially Limited in a Major Life Activity.

Pursuant to FRE, a lay witness may only express an opinion if the following three criteria are met, the testimony is: (1) "rationally based on the perception of the witness"; (2) "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"; and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."   FRE 701.   These requirements under FRE 701 prohibit a witness from evading the expert disclosure requirements and FRE 702 requirements by offering what amounts to expert testimony from a lay witness.   FRE 701 advisory committee's note 2000 Amendment; *see also United States v. Peoples*, 250 F.3d 630, 641 (8th Cir. 2001) (lay witnesses may not "provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events") (citing *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1244–45 (9th Cir. 1997)).

A lay witness is unable to offer competent testimony as to the extent of Plaintiff's mental impairment in this case.   A mental impairment is "[a]ny mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities."   28 C.F.R. § 35.104(a)(i)(B).   Plaintiff must offer evidence of a clinical diagnosis and provide evidence of the "extent of the limitation caused by this impairment," which must be substantial.  *Love v. Law School Admission Council, Inc.*, 513 F. Supp. 2d 206, 223 (E.D. Penn. 2007).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN                                              3.                      DEF'S MOTION IN LIMINE NO. 2
CV 09-02932 PA (CWx)

1        An opinion as to whether Mr. Jayatilaka is disabled is necessarily based on

2   "scientific, technical, or other specialized knowledge." *See* FRE 701.   Therefore,

3   lay opinion testimony as to the issue of disability necessarily runs contrary to Rule

4   701. *See EEOC v. Agro Distribution LLC*, 555 F.3d 462, 465 n.1 (5th Cir. 2009)

5   (noting that "[h]ad there been a genuine issue of fact on relevant ADA issues, it

6   would have been necessary at trial for EEOC to establish the nature and extent of

7   [the] condition through admissible medical evidence") (citing FRE 701.)   Lay

8   opinion testimony, at least in this instance where the alleged disability is purported

9   to be a cognitive disorder, is not competent to adequately address either the nature

10   of Plaintiff's alleged mental impairment or how this alleged impairment

11   substantially limits him in his major life activities.

12        Thus, in order to establish he is disabled under the ADA, Plaintiff should be

13   required to introduce admissible medical and neuropsychological evidence of his

14   purported mental impairment.   The same type of evidence should be required to

15   assess the extent of Plaintiff's alleged limitations.   Anticipated testimony from

16   Plaintiff's father, Dr. Jayatilaka, that Plaintiff, for example, allegedly reads slowly

17   is unhelpful to assess the true nature of Plaintiff's alleged disability.   As a lay

18   witness, Dr. Jayatilaka would be unable to opine as to how slowly Plaintiff reads, or

19   to offer an objective basis (i.e. slow as compared to who) for his lay opinion.   This

20   is precisely the reason that valid neuropsychological tests are administered and

21   analyzed in determining the nature and extent of an individual's alleged disability.

22        Finally, because he is a medical doctor, there is a risk that any testimony Dr.

23   Jayatilaka would offer in regards to Plaintiff's alleged disabilities would be based

24   on "scientific, technical, or other specialized knowledge" and thus, would be

25   contrary to FRE 701.   In order to offer testimony based on his specialized

26   knowledge, Dr. Jayatilaka would have had to been designated as an expert witness.

27   As discussed in Defendant NBME's Joint Motion in Limine No. 1, filed

28   concurrently herewith, Plaintiff has failed to designate any experts to testify at trial.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN              4.                DEF'S MOTION IN LIMINE NO. 2
CV 09-02932 PA (CWx)

**2.     Dr. Jayatilaka's Speculative Lay Opinion Testimony Should Also Be Excluded As Irrelevant and Prejudicial.**

Lay opinion regarding the extent of Plaintiff's alleged disability in this case is also irrelevant.  *See* FRE 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").  As discussed above, Plaintiff must establish that he is disabled under the ADA, including that he has a physical or mental impairment, and that his alleged impairment "substantially limits one or more [of his] major life activities." 42 U.S.C. § 12101.  Because the determination of whether he is substantially limited necessarily involves specialized knowledge in order to competently testify, Dr. Jayatilaka's lay opinion is irrelevant and unhelpful to a determination of the facts at issue.

Necessarily, irrelevant testimony is also a waste of this Court's time.  Even if arguably relevant for some purpose, Dr. Jayatilaka's testimony should be excluded on the basis of undue delay and a waste of time.  FRE 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

**B.      Plaintiff's Opposition Arguments.**

To the extent that Plaintiff's father, Dr. George Jayatilaka, is called to testify, Plaintiff intends that it is as a fact witness only.  Plaintiff has never intended to call Dr. Jayatilaka to give expert testimony regarding Plaintiff's disability and limitations.  However, Dr. Jayatilaka does have personal knowledge of his son's disability and has standing to testify as a percipient witness in this case.

Plaintiff has correctly stated the standards above regarding lay witness testimony.  However, Dr. Jayatilaka would not be called to give opinion testimony. If called at trial at all, Dr. Jayatilaka would be called to give his factual description of Plaintiff's limitations because of the disability based solely on his personal knowledge.  Plaintiff does not oppose the Motion in Limine so far as it would require Plaintiff to approach the bench before introducing any opinion evidence from Dr. Jayatilaka, but asks the Court to not simply exclude him from testifying all together or the exclude his factual based testimony.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN                                                    6.                              DEF'S MOTION IN LIMINE NO. 2
                                                                                             CV 09-02932 PA (CWx)

**C.      Defendant's Reply Arguments.**

**1.      Plaintiff Agrees That The NBME's Standard Regarding Admissibility Of His Father's Testimony Is Accurate.**

In his opposition (Section B, above), Plaintiff agrees with the standards set forth in the NBME's motion (Section A, above), including with respect to lay witness opinion testimony.  Thus, the parties agree that testimony from a lay witness based on scientific, technical or other specialized knowledge within the scope of Rule 702 must be excluded as improper lay opinion testimony under Rule 701.  FRE 701.  However, Plaintiff's summaries of the only testimony anticipated to be offered by Dr. Jayatilaka belie the agreement by proposing he will testify as to the underlying causes of his son's behavior or conduct.

**2.      The Only Testimony Anticipated From Dr. Jayatilaka Is Inadmissible Lay Opinion Testimony.**

Despite Plaintiff's agreement with the standard the NBME set forth above, he still seeks to call his father, Dr. Jayatilaka, as a witness at trial, claiming that his father will be called only as a percipient fact witness.  However, Plaintiff's summary of the testimony his father will provide is exactly the type of lay opinion testimony that the FRE renders inadmissible.

On two occasions during the course of this litigation, Plaintiff has set forth the basis for his father's anticipated testimony.  First, in pre-trial conference filings summarizing anticipated witness testimony, he explained: "Dr. Jayatilaka is the Plaintiff's father.  He will testify to Jayatilaka's disability and the continued effects the disability has on Jayatilaka."  (Joint Summary of Witness Testimony, filed February 19, 2010 (dkt. no. 46).)  Second, in his opposition to this motion, he similarly explained: "If called at trial at all, Dr. Jayatilaka would be called to give his factual description of Plaintiff's limitations because of the disability based solely on his personal knowledge."  (See Section B, above.)  As described by Plaintiff, testimony offered to establish a causal link between observed behavior

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN

7.

DEF'S MOTION IN LIMINE NO. 2
CV 09-02932 PA (CWx)

1   and Plaintiff's claimed disability would be improper lay opinion testimony and
2   should be excluded.

3        While the NBME agrees that Dr. Jayatilaka can testify competently to his
4   own personal observations of his son's behavior and conduct, it would be improper
5   for him to provide lay witness opinion testimony as to the underlying cause of such
6   behavior or conduct.   Dr. Jayatilaka's anticipated testimony as described by
7   Plaintiff relates only to matters that necessarily are based on scientific, technical or
8   other specialized knowledge within the scope of Rule 702, and thus such testimony
9   is inadmissible under Rule 701.  Any testimony relating to "Jayatilaka's disability"
10  necessarily relates to specialized knowledge in the area of disabilities, and
11  specifically the disabilities claimed by Plaintiff, which are the subject of medical
12  expert reports and the diagnosis by one of Plaintiff's treating psychologists.
13  Moreover, any testimony relating to "the continued *effects the disability has* on
14  Jayatilaka," or similarly, his "limitations *because of* the disability," are necessarily
15  the subject of specialized knowledge regarding Plaintiff's claimed disability and its
16  medical effects.  Such testimony falls squarely within the zone of inadmissible lay
17  opinion testimony under Rule 701, and should be excluded, thereby eliminating the
18  need to call Dr. Jayatilaka as a witness at trial.

19       Plaintiff tries to escape the rules pertaining to lay opinion testimony by
20  claiming that Dr. Jayatilaka will not offer his expert opinion, but, rather, will testify
21  about his own observations regarding the effects of his son's alleged disability.
22  However, such observations (e.g., that Plaintiff reads slowly) are not competent
23  testimony without supporting scientific, technical or specialized knowledge.  *See,*
24  *e.g.*, *Love*, 513 F. Supp. 2d at 226 (court's analysis of plaintiff's ability to read
25  quickly or slowly was based upon the results of various tests administered by
26  treating psychologists).

27  ///

28  ///

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto

832061/HN                              8.                    Def's Motion in Limine No. 2
                                                             CV 09-02932 PA (CWx)

### 3.    Dr. Jayatilaka's Lay Opinion Testimony Will Present An Undue Waste of Time.

Even if Dr. Jayatilaka's lay opinion testimony were admissible, it should be excluded because it will waste this Court's time.  Plaintiff undisputedly intends to present evidence of the results of neuropsychological testing administered to him by one of his treating psychologists, the joint report of his two treating psychologists, and his own testimony regarding his alleged condition and effects of it. Accordingly, the anticipated testimony of Dr. Jayatilaka about Plaintiff's disability or its effects would result in the needless presentation of cumulative evidence and would waste this Court's time.  On that further basis, it also should be excluded. *See* FRE 403.


Dated:   March 1, 2010              COOLEY GODWARD KRONISH LLP
                                    GREGORY C. TENHOFF (154553)
                                    WENDY J. BRENNER (198608)


                                    /S/
                                    _____
                                    GREGORY C. TENHOFF (154553)
                                    Attorneys for the Defendant
                                    NATIONAL BOARD OF MEDICAL
                                    EXAMINERS

Dated:   March 1, 2010              MULLIN HOARD & BROWN, LLP
                                    JOHN M. BROWN (87985)
                                    VINCENT E. NOWAK (*pro hac vice*)


                                    /S/
                                    _____
                                    VINCENT E. NOWAK
                                    Attorneys for the Plaintiff
                                    DRUVI JAYATILAKA

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

832061/HN                                    9.                    DEF'S MOTION IN LIMINE NO. 2
                                                                   CV 09-02932 PA (CWx)