Vincent E. Nowak, Texas State Bar No. 15121550
MULLIN HOARD & BROWN, LLP
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

Alisa M. Morgenthaler, State Bar No. 146940
GLASER, WEIL, FINK, JACOBS
  HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6287
Facsimile:  (310) 556-2920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>　　　　　Defendant. | Case No.  CV 09-02932 PA (CWx)<br><br>**DECLARATION OF DR. GEORGE JAYATILAKA**<br><br>Trial Date:   April 6, 2010<br>Judge:   Hon. Percy Anderson |

1.

## DIRECT TESTIMONY OF GEORGE JAYATILAKA
## BY DECLARATION

I, George Jayatilaka, declare as follows:

1.  I am over the age of twenty-one (21), of sound mind and capable of making this declaration. I am the Plaintiff's father in the above entitled law suit. I understand that the Court requires direct testimony of witnesses such as myself to be presented in writing. I have worked with Plaintiff's counsel to prepare my direct testimony in written form, and this declaration is the result of our efforts. We have gathered together and attached the exhibits that I refer to in this declaration. They are organized by Trial Exhibit number, although I may refer to them in a different order.

2.  Any factual statement contained in this declaration is based upon my personal knowledge. At trial I will be prepared to testify further to the facts set forth in this declaration and to respond to questions relevant to my personal knowledge on the facts of this case.

3.  I understand this action was brought for injunctive relief, and for attorney's fees and costs incurred in bringing this action based on Defendant's refusal to provide reasonable accommodations to me pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Further, it is my understanding that the parties dispute whether Plaintiff has a disability as defined under the Americans with Disabilities Act and what reasonable accommodations would be in light of any disability.

4.  I offer my testimony of my personal observations of my son, Druvi Jayatilaka since his incident in Mexico in 1995.

## BACKGROUND

5.  Before describing in detail my observations of Plaintiff, I will first describe my background and involvement with Plaintiff.

6.  Plaintiff attended the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico (the "Medical School"). Before coming home over Christmas break in 1995, he was attacked in Guadalajara and suffered a depressed skull fracture.

7. Plaintiff flew back to Los Angeles, California the next day. Because of the accident I did not want him traveling alone, so his roommate came with him. I arranged for an ambulance to meet him at the airport and for Dr. Morgan, a surgeon I know, to perform the necessary surgery.

8. After the accident, Plaintiff spent about a week in the hospital. He then traveled back to Guadalajara, Mexico and did graduate from the Medical School in 1997. Since that time, he has lived here in the United States and attempted to obtain his medical license.

9. I have had the opportunity to observe Plaintiff both before the 1995 incident, since his birth, and after the incident up to the present time.

## MY OBERVATIONS

10. Since the accident I have noticed several changes in the mental abilities and functions of Plaintiff.

11. First, immediately following the accident and continuing to present, Plaintiff has suffered from post-traumatic disorder migraines. While the severity seems to change, there are times when he is completely incapacitated for days on end.

12. I have also noticed that he takes a longer amount of time reading material. He has started writing or re-writing what he has read to help in his comprehension of the material.

13. Plaintiff made five attempts to pass the Step 1 exam before he was finally successful in 1999 without accommodations.

14. Since that time, he made six attempts to pass the USMLE Step II without accommodations. There were also times when he was scheduled to take the exam, but was unable to because of the severity of a migraine.

15. His problems with comprehension of reading have only been present since his 1995 incident. In the fifteen years since, he has not been able to return to his level of speed of reading and comprehension he exhibited before he was attacked.

## CONCLUSION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of March, 2010, in Arcos Verdes, California.

By: _____
George Jayatilaka

4.