Vincent E. Nowak, Texas State Bar No. 15121550
MULLIN HOARD & BROWN, LLP
P.O. Box 31656
Amarillo, TX 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

Alisa M. Morgenthaler, State Bar No. 146940
GLASER, WEIL, FINK, JACOBS
 HOWARD & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 282-6287
Facsimile: (310) 556-2920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

WESTERN DIVISION

| | |
|---|---|
| DRUVI JAYATILAKA,<br><br>          Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>          Defendant. | Case No. CV 09-02932 PA (CWx)<br><br>**DECLARATION OF DRUVI JAYATILAKA**<br><br>Trial Date: April 6, 2010<br>Judge: Hon. Percy Anderson |

1.

## DIRECT TESTIMONY OF DRUVI JAYATILAKA
## BY DECLARATION

I, Druvi Jayatilaka, declare as follows:

1. I am over the age of twenty-one (21), of sound mind and capable of making this declaration. I am the Plaintiff in the above entitled law suit. I understand that the Court requires direct testimony of witnesses such as myself to be presented in writing. I have worked with my counsel to prepare my direct testimony in written form, and this declaration is the result of our efforts. We have gathered together and attached the exhibits that I refer to in this declaration. They are organized by Trial Exhibit number, although I may refer to them in a different order.

2. Any factual statement contained in this declaration is based upon my personal knowledge. At trial I will be prepared to testify further to the facts set forth in this declaration and to respond to questions relevant to my personal knowledge on the facts of this case.

3. I have brought this action for injunctive relief, and for attorney's fees and costs incurred in bringing this action based on Defendant's refusal to provide reasonable accommodations to me pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

4. I am asking the court to grant a permanent injunction against Defendant in my favor to allow me to take double or twice the standard time on the United States Medical Licensing Exam, Step II, and for an award of attorneys' fees and costs in bringing this suit.

## BACKGROUND AND EDUCATION

5. Before describing in detail my disability, I will first describe my background, including the events leading to my disability, and my educational history.

6. I am an individual residing in Palos Verdes, Los Angeles County, California.

7. I received my bachelors of arts degree in 1991 from Franklin and Marshall College. Following undergraduate school, I attended the Universidad de Autonoma de Guadalajara in Guadalajara, Mexico, graduating in 1997.

8. My disability stems back to 1995, when I was brutally attacked in Guadalajara, Mexico. On December 5, 1995, I was preparing to travel back to the United States when my friends invited me go out with them to celebrate their upcoming graduation. I did not really want to go, but did anyway. I did not drink while I was out with them.

9. One of my friends had left the club where we were and I was getting hungry, so I walked out to find him. When I stepped outside, I saw my friend sitting on the curb. As I was walking up to him, someone jumped on me from behind. At first I thought it was one of my friends, but then he hit me in the head with the butt of a handgun. After being hit, I have trouble remembering what happened. The next thing I clearly remember is waking up on the ground with a gun pointed at my head. The person standing over me fired the gun. Then a car came speeding up the street and ran over my shoulder. I did my best to crawl between two parked cars to prevent being hit or run over again.

10. Red Cross set up a staging area, but I felt I needed to go to a hospital. At the hospital, they wanted to explore the wound to find pieces of my skull and lift it back up. I told them that I did not want them to do that and I would go back to the United States for treatment. I had them just clean the wound and I went home.

11. I flew back to Los Angeles, California the next day and was taken to St. Mary's Medical Center in Long Beach. I had a depressed skull fracture and after surgery stayed in the ICU for several days, then in a regular room for continued observation for at least another three days before finally being sent home.

**MY DISABILITY**

12. Since my accident I have noticed several changes in my mental abilities and function.

13. The most noticeable since the accident are the migraines I have. I have been diagnosed with post-traumatic disorder migraines. The migraines come and go. I have years when they are a mild hindrance, and other years where they are absolutely debilitating. They were worst immediately following the accident. I would have to stay home for days on end because the migraines were so bad with no relief.

14. I have also noticed that I have trouble comprehending and understanding what I read at the speed and ability I did before the accident. Normally, I must now read something at least twice to understand what it says or in the situation of an exam question, what it is asking. I have noticed it helps if I write something out myself, but that is not an option in many situations where much reading is required.

15. I know that I have tried to minimize my disability. I continued on with my medical school training without accommodations. It was difficult to read and comprehend all of my assignments. I would also miss days of class at a time because of the migraines. This is when I noticed writing out everything myself helped me understand the information and what was being asked of me.

16. After graduating, I moved back to the United States, focused on passing the USMLE Step I exam and attended the Fifth Pathway at New York Medical College, a set of clinical clerkships for potential medical doctors who went to medical school outside of the United States. I made five attempts to pass the Step 1 exam before I finally did in 1999 without accommodations. On that occasion, I did not actually finish the test, but I did well enough on the part that I did complete that I still received a passing grade.

17. Since that time, I have made six attempts to pass the USMLE Step II without accommodations. There were also times when I was scheduled to take the exam, but was unable to because of the severity of a migraine. On the most recent attempt, I received at three digit score of 177 and a two-digit score of 72. To pass, an examinee

must receive a three-digit score of 185 and a two-digit score of 75. On each of my attempts, I have been unable to actually finish the exam. My scores are close to passing because I know the material. I simply cannot understand the material fast enough to reach all of the questions before time runs out on the exam.

18. I have actually participated in a review program for both Steps II and III in Champaign, Illinois. I work as a tutor in this program, teaching the material to other students. From my years of work with the material, I know that given the proper time, I could show my mastery of the tested material.

19. In short, it takes me twice as long to read and comprehend the written word as compared to most people.

## THE USMLE STEP II

20. The USMLE Step II was developed by the Defendant as part of a three step examination for medical licensing. The exam focuses on clinical knowledge. It is a timed examination which tests the examinee's application of medical knowledge, skills, and understanding of clinical science. Most of the test is multiple choice. The questions can be between one hundred and fifty to two hundred words long. The answer choices can range from three choices to twenty-six choices. The time restriction is not a problem to most people, and would not have been to me before my accident.

21. Passing the Step II examination is necessary to complete the licensing process. I have previously attempted this exam at approved Sylvan Learning Centers only to be unable to finish the exam because of my disability. Because the examination is a test of mastery of the material, it is not graded on a curve. My disability, which slows down my comprehension of reading the massive questions and answers as fast as most people, hinders me from showing my knowledge of the tested subject matter. Given time to actually finish the examination by reaching all the questions would allow me to show whether I know the material or not.

## MY REQUEST FOR ACCOMMODATIONS

22. Because of my problems, in May 2008, I sought a neuropsychological

5.

examination by Dr. Terrence Dushenko and Dr. Andrew Levine. As a result of that evaluation, I officially requested the accommodation of double or twice the standard time from Defendant on the Step II exam in July of 2008. Defendant denied my request in September 2008.

23. Because of the denial, I obtained legal counsel who requested a reconsideration on my behalf in December 2008, attaching a new affidavit from Dr. Dushenko. Defendant again denied the request in February 2009.

### RELIEF SOUGHT

24. I am asking this Court to grant me a permanent injunction against Defendant to allow me double or twice the normal amount of time to complete the Step II examination, including having the examination over two days time if it cannot be completed within one day with the expanded time allotment.

25. I am also asking this Court to award my attorneys fees and costs to bring this suit.

### CONCLUSION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23 day of March, 2010, in Vandalia, ~~California~~ Illinois.

By: _____
Dravi Jayatilaka

6.