1   COOLEY GODWARD KRONISH LLP
    GREGORY C. TENHOFF (154553)
2   (gtenhoff@cooley.com)
    WENDY J. BRENNER (198608)
3   (wbrenner@cooley.com)
    Five Palo Alto Square, 4th Floor
4   3000 El Camino Real
    Palo Alto,  CA  94306-2155
5   Telephone:  (650) 843-5000
    Facsimile:   (650) 857-0663
6
    Attorneys for Defendant
7   NATIONAL BOARD OF MEDICAL EXAMINERS

8

9                    UNITED STATES DISTRICT COURT

10                          CENTRAL DISTRICT

11                         WESTERN DIVISION

12   DRUVI JAYATILAKA,                    | Case No. CV 09-02932 PA (CWx)

13                 Plaintiff,             | **DEFENDANT NBME'S
                                          | EVIDENTIARY OBJECTIONS TO THE
14        v.                              | DECLARATIONS OF DRUVI
                                          | JAYATILAKA AND DR. GEORGE
15   NATIONAL BOARD OF MEDICAL            | JAYATILAKA**
     EXAMINERS,
16                                        | Date Action Filed:  April 27, 2009
                  Defendant.              | Trial Date:  April 6, 2010
17
                                          | Honorable Percy Anderson
18

19        Pursuant to this Court's August 3, 2009 Civil Trial Order, Defendant

20   National Board of Medical Examiners ("NBME") hereby submits the following

21   evidentiary objections to the Declarations of Druvi Jayatilaka (Docket No. 85) and

22   Dr. George Jayatilaka (Docket No. 84), both filed with this Court on March 23,

23   2010:

24   **I.    DECLARATION OF DRUVI JAYATILAKA.**

25        **A.    Paragraph 13, Page 4:**

26        4    The most noticeable [change] since the accident are the migraines I
                 have.  I have been
27        5    diagnosed with post-traumatic disorder migraines.  The migraines
                 come and go.  I have
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                         1.        **CASE NO. CV 09-02932 PA (CWX)
                                                NBME'S OBJECTIONS TO DECS OF
                                                DRUVI AND GEORGE JAYATILAKA**

6     years when they are a mild hindrance, and other years where they are absolutely

7     debilitating.  They were worst immediately following the accident.  I would have to stay

8     home for days on end because the migraines were so bad with no relief.

### NBME's Objections:

Irrelevant, FRE 401, 402 – Plaintiff testified that he is not seeking an accommodation on the USMLE based upon alleged migraines, and has not recently suffered from migraine headaches.  (*See* NBME's Deposition Designation For Rebuttal Evidence filed on March 26, 2010, Docket No. 88, designating Plaintiff's deposition testimony at 166:15-167:4.)  Accordingly, testimony concerning Plaintiff's migraine headaches is irrelevant.

### B.    Paragraph 17, Page 5:

2     My scores [on the USMLE Step 2 CK exam] are close to passing

3     because I know the material.  I simply cannot understand the material fast enough to reach

4     all of the questions before time runs out.

### NBME's Objections:

Speculation/lacks personal knowledge, inadmissible opinion, FRE 602, 701 – There is no evidence that Plaintiff has personal knowledge concerning how many questions, and which questions, he answered correctly on the USMLE Step 2 CK exams that he has taken.  Accordingly, his unsupported opinion that he has failed the exam due to a lack of time (as opposed to other factors, such as numerous incorrect answers) constitutes inadmissible speculation and inadmissible opinion testimony of a lay witness that is not based upon facts observed or known by this witness.

//

//

//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN      2.

CASE NO. CV 09-02932 PA (CWx)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA

**C.     Paragraph 18, Page 5:**

7     From my years of work with the material, I know that given the proper time, I

8     could show my mastery of the tested material.

**NBME's Objections:**

Speculation/lacks personal knowledge, inadmissible opinion, FRE 602, 701 – There is no evidence that Plaintiff has personal knowledge concerning how many questions, or which questions, he answered correctly on the USMLE Step 2 CK exams he has taken under standard timed conditions and/or how he would perform on the exam with additional time.  Accordingly, Plaintiff's opinion that he would necessarily pass the exam with more time constitutes inadmissible speculation and inadmissible opinion testimony of a lay witness that is not based upon facts observed or known by this witness.

**D.     Paragraph 19, Page :**

9     In short, it takes me twice as long to read and comprehend the written word

10     as compared to most people.

**NBME's Objections:**

Speculation/lacks personal knowledge, inadmissible lay opinion, FRE 602, 701 – There is no evidence that Plaintiff has personal knowledge concerning his actual, measured reading speed, how fast "most people read," and how his reading speed compares to that population.  Additionally, testimony concerning the speed at which "most people" read is testimony that is properly based upon scientific, technical or other specialized knowledge within the scope of FRE 702, and there is no evidence that Plaintiff has such knowledge.  Accordingly, this testimony constitutes inadmissible speculation and inadmissible opinion testimony of a lay witness.

//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                                        3.

CASE NO. CV 09-02932 PA (CWX)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA

**E.      Paragraph 20, Page 5:**

17      The time restriction is not a problem to

18      most people, and would not have been to me before my accident.

**NBME's Objections:**

Speculation/lacks personal knowledge, inadmissible lay opinion, FRE 602, 701 – There is no evidence that Plaintiff has personal knowledge concerning how time restrictions on the USMLE Step 2 CK exam affects "most people."  There is also no evidence that Plaintiff has personal knowledge concerning how the time restrictions on the Step 2 CK would have affected him prior to his alleged accident. Accordingly, this testimony constitutes inadmissible speculation and inadmissible opinion testimony of a lay witness that is not based upon facts observed or known by this witness.

**F.      Paragraph 21, Page 5:**

20      I have previously attempted this exam at approved Sylvan Learning
        Centers only

21      to be unable to finish the exam because of my disability.

22      My disability, which slows

23      down my comprehension of reading the massive questions and
        answers as fast as most

24      people, hinders me from showing my knowledge of the tested subject
        matter.  Given time

25      to actually finish the examination by reaching all the questions would
        allow me to show

26      whether I know the material or not.

**NBME's Objections:**

Speculation/lacks personal knowledge, inadmissible opinion, FRE 602, 701 – There is no evidence that Plaintiff has personal knowledge concerning how many questions, or which questions, he answered correctly on the USMLE Step 2 CK exams he has taken under standard timed conditions and/or how he would perform on the exam with additional time.  Accordingly, his opinion as to how he would perform on the exam with additional time constitutes inadmissible speculation and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                                    4.

CASE NO. CV 09-02932 PA (CWX)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA

1  inadmissible opinion testimony of a lay witness that is not based upon facts

2  observed or known by this witness.

3  **II.   DECLARATION OF DR. GEORGE JAYATILAKA.**

4      **A.   Paragraph 11, Page 3:**

5      15   First, immediately following the accident and continuing to present, Plaintiff

6      16   has suffered from post-traumatic disorder migraines.  While the severity seems to change,

7

8      17   there are times when he is completely incapacitated for days on end.

9      **NBME's Objections:**

10      Irrelevant, speculation/lacks personal knowledge, inadmissible opinion,  FRE

11  401, 402, 602, 701 – Plaintiff testified that he is not seeking an accommodation

12  based upon alleged migraines, and has not recently suffered from migraine

13  headaches.  (*See* NBME's Deposition Designation For Rebuttal Evidence filed on

14  March 26, 2010, Docket No. 88, designating Plaintiff's deposition testimony at

15  166:15-167:4.)  Accordingly, evidence concerning Plaintiff's migraine headaches is

16  irrelevant.  Additionally, this witness characterizes Plaintiff's migraines as "post-

17  traumatic disorder migraines."   The cause and nature of Plaintiff's migraine

18  headaches, however, is testimony properly based upon scientific, technical or other

19  specialized knowledge within the scope of FRE 702, and there is no evidence that

20  this witness has such knowledge.   Accordingly, this testimony constitutes

21  inadmissible speculation and inadmissible opinion testimony of a lay witness.  To

22  the extent that Dr. Jayatilaka is offering expert testimony, he cannot do so since he

23  was not duly designated as an expert per the FRCP and this Court's Orders.  (*See*

24  Joint MIL No. 1 To Preclude Further Expert Testimony and Joint MIL No. 2 to

25  Exclude Lay Opinion Testimony.)

26      **B.   Paragraph 12, Page 3:**

27      18   I have also noticed that [Plaintiff] takes a longer amount of time

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                    5.

CASE NO. CV 09-02932 PA (CWx)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA

reading material.

19 He has started writing or re-writing what he has read to help in his comprehension of the

20 material.

**NBME's Objections:**

Inadmissible opinion, FRE 701 – Testimony concerning Plaintiff's reading speed, and how it has changed over time, is properly based upon scientific, technical or other specialized knowledge within the scope of FRE 702, and there is no evidence that this witness has such knowledge. To the extent that Dr. Jayatilaka is offering expert testimony, he cannot do so since he was not duly designated as an expert per the FRCP and this Court's Orders. (*See* Joint MIL No. 1 To Preclude Further Expert Testimony and Joint MIL No. 2 to Exclude Lay Opinion Testimony.) Accordingly, this testimony constitutes inadmissible opinion testimony of a lay witness.

**C.    Paragraph 14, Page 3:**

24 There were also times when [Plaintiff] was scheduled to take the exam, but

25 was unable to because of the severity of a migraine.

**NBME's Objection:**

Irrelevant, inadmissible hearsay, FRE 401, 402, 801, 802 – Plaintiff testified that he is not seeking an accommodation based upon alleged migraines, and has not recently suffered from migraine headaches. (*See* NBME's Deposition Designation For Rebuttal Evidence filed on March 26, 2010, Docket No. 88, designating Plaintiff's deposition testimony at 166:15-167:4.) Accordingly, testimony concerning Plaintiff's migraine headaches is irrelevant. Additionally, to the extent this witness is providing a basis for Plaintiff's failure to attend a scheduled examination, such information is necessarily based upon out of court statements by the Plaintiff that are being offered for the truth of the matter asserted, and thus constitute inadmissible hearsay.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                                        6.

CASE NO. CV 09-02932 PA (CWx)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA

**D.      Paragraph 15, Page 3:**

26    [Plaintiff's] problems with comprehension of reading have only been present since

27    his 1995 incident.  In the fifteen years since, he has not been able to return to his level of

28    speed of reading and comprehension he exhibited before he was attacked.

### NBME's Objections:

Inadmissible opinion, FRE 701 – Testimony concerning Plaintiff's reading speed, and how it has changed over time, is properly based upon scientific, technical or other specialized knowledge within the scope of FRE 702, and there is no evidence that this witness has such knowledge.  Accordingly, this testimony constitutes inadmissible opinion testimony of a lay witness.  To the extent that Dr. Jayatilaka is offering expert testimony, he cannot do so since he was not duly designated as an expert per the FRCP and this Court's Orders.  (*See* Joint MIL No. 1 To Preclude Further Expert Testimony and Joint MIL No. 2 to Exclude Lay Opinion Testimony.)

Dated:   March 30, 2010                              COOLEY GODWARD KRONISH LLP
                                                     GREGORY C. TENHOFF (154553)
                                                     WENDY J. BRENNER (198608)


                                                     _____/S/_____
                                                     GREGORY C. TENHOFF (154553)
                                                     Attorneys for the Defendant
                                                     NATIONAL BOARD OF MEDICAL
                                                     EXAMINERS

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

841969 v2/HN                         7.

CASE NO. CV 09-02932 PA (CWx)
NBME'S OBJECTIONS TO DECS OF
DRUVI AND GEORGE JAYATILAKA