SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2932 PA (CWx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Druvi Jayatilaka v. National Board of Medical Examiners | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS

Before the Court are Motions in Limine filed by defendant National Board of Medical Examiners ("Defendant") (Docket Nos. 55, 56, and 57) and plaintiff Druvi Jayatilaka (Docket No. 58). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for March 29, 2010, is vacated, and the matters taken off calendar.

Defendant's Joint Motion in Limine No. 1 seeks to preclude Plaintiff from offering evidence from Dr. Terrance Dushenko and Dr. Andrew Levine because they were not properly designated as expert witnesses prior to the deadline to do so. Defendant also seeks to preclude Plaintiff from designating any other expert witnesses. In the alternative, Defendant seeks to preclude Plaintiff from having Drs. Dushenko and Levine proffer testimony that differs from the opinions provided in their depositions and contained in the reports prepared by them. Because the parties stipulated to submit the matter to the Court based upon the record filed with the Court in lieu of presentation of evidence at trial, Plaintiff will not have an opportunity to present any testimony from these witnesses or others that differs from or supplements the evidence previously provided to Defendant. The Court concludes that Defendant has not been prejudiced by the alleged failure to timely designate these experts, and will therefore admit the evidence from these witnesses previously disclosed by Plaintiff. The Court therefore grants in part and denies in part Defendant's Joint Motion in Limine No. 1.

Defendant's Joint Motion in Limine No. 2 seeks to preclude Plaintiff from proffering "improper lay opinion testimony" from Plaintiff's father, Dr. George Jayatilaka, who was not designated as an expert witness in this matter. According to Plaintiff, he only seeks to have his father give a "factual description of Plaintiff's limitations because of the disability based solely on his personal knowledge." Defendant objects because as a lay witness, and without being designated as an expert, Dr. Jayatilaka should not be able to testify concerning whether Plaintiff's limitations are "because of the disability." The Court will admit Dr. Jayatilaka's Declaration to the extent it contains testimony concerning his observations of the difficulties Plaintiff experiences. Defendant's Joint Motion in Limine No. 2 is therefore denied.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2932 PA (CWx) | Date | January 18, 2011 |
|---|---|---|---|
| Title | Druvi Jayatilaka v. National Board of Medical Examiners | | |

      Plaintiff's Joint Motion in Limine No. 3 seeks to preclude Defendant from relying on the expert opinions of Dr. Nancy Nussbaum, Dr. Catherine Farmer, and Dr. George Litchford. Specifically, Plaintiff contends that the testimony of Drs. Nussbaum, Farmer, and Litchford fails to satisfy the standard for admissibility of expert testimony established by Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-95, 113 S. Ct. 2786, 2796-97, 125 L. Ed. 2d 469 (1993). Specifically, Plaintiff asserts that because none of Defendant's experts personally evaluated Plaintiff, and such a personal evaluation is the accepted standard for making a psychiatric diagnosis, Defendant's experts' opinions should not be admitted into evidence.

      Contrary to Plaintiff's assertions, Defendant's experts are not attempting to provide a conclusive clinical diagnosis for Plaintiff, for which a personal evaluation might be desirable, but are instead offering their opinions concerning the sufficiency of the evidence Plaintiff submitted in support of his request for an accommodation. Additionally, as Defendant notes, physicians testifying as experts may rely on the reports, observations, and opinions of others in forming their own opinions. See Sementilli v. Trinidad Corp., 155 F.3d 1130, 1134 (9th Cir. 1998) ("Dr. Ketchum's opinions and inferences were based on his review of Sementilli's medical records, as well as his knowledge, experience, training and education. Under Rule 703, Dr. Ketchum was allowed to rely on such information in forming his opinion."); see also Fed. R. Evid. 703 advisory committee's 1972 note. The Court therefore denies Plaintiff's Joint Motion in Limine No. 3.

      Defendant's Joint Motion in Limine No. 4 contains the parties' agreement not to introduce at trial medical records or test results that had not already been disclosed prior to trial. Because the parties did not seek to introduce any such evidence, Joint Motion in Limine No. 4 is denied as moot.

      IT IS SO ORDERED.